Josephine V. McCARTNEY and all other Occupants of 10504 Darin Rd., El Paso, Texas 79925, Appellants,

v.

CALIFORNIA MORTGAGE SERVICE, Appellee.

No. 08–97–00280–CV.

Court of Appeals of Texas, El Paso.

Aug. 28, 1997.

Appellants pro se.

Corey W. Haugland, James, Goldman & Haugland, P.C., El Paso, for Appellee.

Before LARSEN, McCLURE and CHEW, JJ.

## *OPINION ON MOTION*

PER CURIAM.

Appellants have filed a motion, pursuant to TEX.R.APP.P. 49(b), requesting this court to review and declare a supersedeas bond excessive. For the reasons stated below, we deny relief.

### *FACTS*

The appellants are the occupants of a residential property located at 10504 Darin Road, El Paso, Texas. On July 11, 1997, appellee, California Mortgage Service, obtained a judgment in the County Court at Law No. 2 of El Paso County against the occupants. The judgment granted California Mortgage possession of the property at 10504 Darin Road. The occupants appealed and filed a motion in the trial court to set a supersedeas bond. On August 7, 1997, the trial court set the bond in the amount of $19,000. The occupants now contend that the amount of the bond is excessive.

### *DISCUSSION*

Rule 755 of the Texas Rules of Civil Procedure provides that a writ of possession obtained pursuant to a forcible entry and detainer suit "shall not be suspended or superseded in any case by appeal from such final judgment in the county court, unless the premises in question are being used as the principal residence of a party." TEX. R.CIV.P. 755. At first reading, this rule seems to indicate that appeal alone supersedes the writ of possession when the property in question is the principle residence of

a party. As California Mortgage points out, however, Rule 755 must be read in conjunction with TEX.PROP.CODE ANN. § 24.007, which provides:

> A final judgment of a county court in a forcible entry and detainer suit or a forcible detainer suit may not be appealed on the issue of possession unless the premises in question are being used for residential purposes only. A judgment of a county court may not under any circumstances be stayed pending appeal unless, within 10 days of the signing of the judgment, the appellant files a supersedeas bond in an amount set by the county court. In setting the supersedeas bond the county court shall provide protection for the appellee to the same extent as in any other appeal, taking into consideration the value of rents likely to accrue during appeal, ... and other damages or amounts as the court may deem appropriate. TEX.PROP.CODE ANN. § 24.007 (Vernon Supp.1997).

Accordingly, the occupants in this case must supersede the writ of possession.

Under the facts before us in this case, there is no showing that the trial court's bond in the amount of $19,000 to be excessive. Occupants appear to rely on the language of Rule 755 to argue that no bond is necessary. As we have already determined, this argument is without merit. The record reflects that the occupants have maintained possession of the property for almost four years without making mortgage or rental payments. The record also reflects a fair rental value of the property of $700 per month. Additionally, there is evidence that California Mortgage will incur property taxes, insurance, costs of repairs, and may lose valuable rights to sell the property and to receive interest in the event the property is sold, if prohibited from taking possession pending appeal. Accordingly, we find that the trial court acted within its sound discretion in setting the supersedeas bond at $19,000 in this case.

### *CONCLUSION*

Pursuant to the above discussion, we overrule and deny relief on the occupants' Motion

to Review Excessive Supersedeas Bond. Additionally, we withdraw our previous order staying action on the writ of possession issued in the trial court.