**Brenda Simmons KEMPER, Appellant,**

v.

**STONEGATE MANOR APARTMENTS, LTD., Appellee.**

No. 09–00–173–CV.

Court of Appeals of Texas, Beaumont.

Submitted Oct. 19, 2000.

Decided Oct. 26, 2000.

Steven E. Hollimon, East Texas Legal Services, Inc., Beaumont, for appellant.

Nathan Reynolds, Jr., Port Arthur, for appellee.

Before WALKER, C.J., BURGESS and STOVER, JJ.

## OPINION

BURGESS, Justice.

Brenda Simmons Kemper appeals the trial court's judgment granting Stonegate Manor Apartments, Ltd., possession of unit 102, her former residence. On appeal, Kemper raises two complaints, both of which seek reversal of the trial court's judgment that Stonegate is entitled to possession. Because the question of possession is moot, we dismiss the appeal.

The action of forcible detainer "is intended to be a summary, speedy, and inexpensive remedy." *Kennedy v. Highland Hills Apartments*, 905 S.W.2d 325, 326 (Tex.App.—Dallas 1995, no writ) (citing *McGlothlin v. Kliebert*, 672 S.W.2d 231, 232 (Tex.1984)). It is for that reason that section 24.007 of the Texas Property Code provides "[a] judgment of a county court may not under any circumstances be stayed pending appeal unless, within 10 days of signing of the judgment, the appellant files a supersedeas bond in an amount set by the county court." Tex. Prop.Code Ann. § 24.007 (Vernon 2000).

Clearly, we are empowered by section 24.007 to stay the judgment of a county court in a forcible detainer action in order to protect our jurisdiction over any appeal and to preserve the subject matter of the appeal so that our decree will be effective. *See Chang v. Resolution Trust Corp.*, 814 S.W.2d 543, 545 (Tex.App.—Houston [1st Dist.] 1991, no writ). That power, however, is limited. It may only be exercised if a supersedeas bond has been filed. Otherwise, the judgment of the county court may not be stayed and the prevailing party may proceed to take possession. *See McCartney v. California Mortgage Serv.*, 951 S.W.2d 549, 550 (Tex. App.—El Paso 1997, no writ) (appeal alone will not supersede a writ of possession). Once this has occurred, the case becomes moot. *See Shelby Operating Co. v. City of Waskom*, 964 S.W.2d 75, 81 (Tex.App.—Texarkana 1997, pet. denied)(it must be possible for the court to grant effectual relief); *Zimmerman v. Ottis*, 941 S.W.2d 259, 263 (Tex.App.—Corpus Christi 1996, no writ) (there must be a real controversy that will be actually resolved by the relief sought).

A justiciable controversy between the parties must exist at every stage of the legal proceedings, including the appeal, or the case is moot. *See James v. Hubbard*, 21 S.W.3d 558, 560 (Tex.App.—San Antonio 2000, no pet.). We are prohibited from deciding moot controversies. *See National Collegiate Athletic Ass'n v. Jones*, 1 S.W.3d 83, 86 (Tex.1999).

Kemper failed to file a supersedeas bond and on May 1, 2000, a Writ of Possession was issued, removing her from the premises. Accordingly, we are past the point at which we could have granted effectual relief.

APPEAL DISMISSED.