COURT OF
APPEALS

                                                    EIGHTH DISTRICT
OF TEXAS

                                                               EL
PASO, TEXAS

 

                                                                              )     

RAMIRO GUSTAVO SERRANO,                      )                    No. 
08-02-000346-CV

                                                                              )

Appellant,                          )                             Appeal from

                                                                              )     

v.                                                                           )                 County Court at Law No. 7

                                                                              )

UNION PLANTERS NATIONAL
BANK, N.A.,      )                          of El
Paso County, Texas

                                                                              )

Appellee.                           )                       (TC# 2002-J00024-7)

 

O
P I N I O N

 

Ramiro
Gustavo Serrano appeals from the trial court=s
judgment entered in a forcible detainer action brought by Union Planters
National Bank, N.A. (UPB).  The trial
court granted judgment for Union Planters and ordered a writ of possession.  Pending before the Court is Serrano=s motion seeking to enjoin UPB from
selling the property.  We deny the motion
for injunctive relief and dismiss the appeal as moot.

FACTUAL AND PROCEDURAL SUMMARY








Until
recently, Serrano was the occupant of a residential property located in El
Paso, Texas.  On July 17, 2002, Union
Planters National Bank obtained a judgment in the county court at law granting
it possession of the property.  Although
Serrano filed a notice of appeal on August 9, 2002, he did not file a
supersedeas bond.  According to Serrano=s request for injunctive relief, a writ
of possession has issued.  We note that
Serrano has filed a separate suit against UPB in the 34th District Court of El
Paso alleging breach of contract.  That
suit is scheduled for trialon November 21, 2002.  

JURISDICTION

A
forcible detainer action is a procedure to determine the right to immediate
possession of real property.  See Tex.R.Civ.P. 746.  It is intended to be a speedy, simple, and
inexpensive means to obtain possession without resort to an action on the
title.  Scott v. Hewitt, 127 Tex.
31, 35, 90 S.W.2d 816, 818-19 (1936); Kemper v. Stonegate Manor Apartments,
Ltd., 29 S.W.3d 362, 363 (Tex.App.--Beaumont 2000, pet. dism=d w.o.j.).  Therefore, the only issue in such a
proceeding is which party has the right to immediate possession of the
property.  Tex.R.Civ.P. 746; Cuellar v. Martinez, 625 S.W.2d 3, 5
(Tex.Civ.App.--San Antonio 1981, no writ). 
A judgment of a county court may not under any circumstances be stayed
pending appeal unless, within ten days of signing of the judgment, the
appellant files a supersedeas bond in an amount set by the county court.  Tex.Prop.Code
Ann. ' 24.007
(Vernon 2000).  








This
Court is empowered by Section 24.007 to stay the judgment of a county court in
a forcible detainer action in order to protect our jurisdiction and to preserve
the subject matter of the appeal.  Kemper,
29 S.W.3d at 363; Chang v. Resolution Trust Corporation, 814 S.W.2d 543,
545 (Tex.App.--Houston [1st Dist.] 1991, no writ).  However, this power may be exercised only
where a supersedeas bond is filed.  Kemper,
29 S.W.3d at 363.  In the absence of a
supersedeas bond, the judgment of the county court may not be stayed and the
prevailing party may proceed to take possession.  Id.; McCartney v. California
Mortgage Service, 951 S.W.2d 549, 550 (Tex.App.--El Paso 1997, no
writ).  Once this has occurred, the case
becomes moot.  Kemper, 29 S.W.3d
at 363.  Given
the limited issue presented in an appeal from a judgment granting a forcible
detainer, we lack the authority to enjoin UPB from selling the subject property
because the relief sought pertains to which party has title to the
property.  Furthermore, Serrano=s appeal is moot because he failed to
file a supersedeas bond within ten days of the judgment and a writ of
possession has been issued removing him from the premises.  Consequently, his appeal must be
dismissed.  We deny the request for
injunctive relief and dismiss the appeal as moot.

 

 

September 12, 2002

                                                                          

ANN CRAWFORD
McCLURE, Justice

 

Before Panel No. 2

Barajas, C.J., McClure, and Chew,
JJ.

 

(Do Not Publish)