Opinion issued February 27, 2003












     





In The
Court of Appeals
For The
First District of Texas




NO. 01-01-01042-CV




LENWOOD E. JOHNSON, Appellant
 
V.
 
HOUSING AUTHORITY OF THE CITY OF HOUSTON (IRVINGTON
VILLAGE), Appellee
 

 
 
On Appeal from County Civil Court at Law No. 3
Harris County, Texas
Trial Court Cause No. 756784
 

 
 
MEMORANDUM OPINION
          Appellant, Lenwood E. Johnson, a former tenant of the Irvington Village
Apartments, brings this appeal, after a jury trial, from a judgment in favor of the
Housing Authority of the City of Houston (Irvington Village). In what are essentially
three issues on appeal, appellant contends the trial court erred by (1) sustaining the
contest to his affidavit of indigency, (2) delivering possession of the premises to
Irvington Village during the pendency of the appeal, and (3) entering judgment in
favor of Irvington Village based on the jury’s verdict. We affirm.
Background
          On July 2, 2001, the Housing Authority filed a petition to evict Johnson from
his apartment at Irvington Village and to collect for utilities Johnson had failed to pay. 
After a jury trial, the jury found that (1) Johnson failed to comply with the lease
agreement, (2) Johnson’s failure to comply with the lease agreement was not excused,
and (3) Irvington Village had a superior right to possession of the premises made the
subject of the suit. Thereafter, the trial court entered a judgment that (1) rendered a
writ of possession to the premises at 2901 Fulton, #230, Houston, TX 77009 to
appellee, the Housing Authority of the City of Houston (Irvington Village), (2)
rendered a judgment for excess utilities in the amount of $3,976.42 to Irvington
Village, and (3) ordered all funds placed into the trial court registry in the cause paid
to Irvington Village. This appeal followed. The County Clerk of Harris County filed
a contest of appellant’s affidavit of indigency on appeal, and, after a hearing on the
same, the trial court sustained the County Clerk’s contest.
Indigency
          Appellant contends the trial court erred by sustaining the District Clerk’s contest
to his affidavit of indigency. However, appellant has waived the right to complain
about this issue on appeal. On January 31, 2002, this Court ordered the court reporter
to file, without charge to appellant, the reporter’s record of the indigency hearing in
the trial court, in accordance with In re Arroyo, 988 S.W.2d 737, 739 (Tex. 1998). 
Such reporter’s record of the indigency hearing was filed. The January 31, 2002 order
also directed appellant to file, within 25 days, a brief demonstrating why the trial court
erred in signing the November 8, 2001 order sustaining the contest to his affidavit of
indigency. The January 31 order also stated that if no such brief was filed within 25
days, the Court would presume that appellant waived any objection to the trial court’s
order on the indigency contest. Appellant did not file a brief as ordered, and, on July
25, 2002, this Court ordered as follows:
Appellant having failed to file a brief demonstrating why the trial court
erred in sustaining the contest to appellant’s affidavit of indigency within
the time set forth in this Court’s order of January 31, 2002, appellant has
waived any objection to the trial court’s ruling that appellant was not
indigent.
 
          Appellant filed no brief addressing the indigency issue until his brief on the
merits was filed on September 25, 2002, almost 8 months after he was originally
ordered by this Court to brief the indigency issue. Therefore, by not complying with
this Court’s January 31, 2002 order, appellant has waived his right to complain about
the trial court’s order sustaining the County Clerk’s contest to his indigency affidavit. 
Accordingly, we overrule appellant’s first issue.
Delivery of Possession Pending Appeal
          Appellant also contends that the trial court erred by allowing Irvington Village
to take possession of the apartment while the appeal was pending. This issue, too, has
already been addressed by this Court. Appellant filed a Petition for Writ of
Prohibition in this Court complaining that the trial court and Harris County Constables
were interfering with this appeal by enforcing his eviction, even though this appeal
from the eviction was pending before the Court. This Court, however, denied the
petition, noting that appellant had not filed a supersedeas bond in the appeal. See In
re Johnson, no. 01-01-01190-CV (Tex. App.—Houston [1st Dist.] Dec. 14, 2001, orig.
proceeding) (not designated for publication). For the same reason we denied the
petition for writ of prohibition, we dismiss appellant’s second issue regarding
possession as moot. See Tex. R. Civ. P. 749b; Tex. Prop. Code Ann. § 24.007
(Vernon 2000); see also Kemper v. Stonegate Manor Apts., Ltd., 29 S.W.3d 362, 363
(Tex. App.—Beaumont 2000, pet. dism’d w.o.j.).
Propriety of Eviction
          In numerous related issues, appellant contends the trial court erred by rendering
judgment on the jury verdict in favor of Irvington Village. Essentially, he argues that
the eviction was unlawful because (1) he was not given access to his resident file, (2)
he was not given a grievance hearing, (3) the excess utility charges were
impermissible, and (4) the eviction process was an attempt to violate his First
Amendment right to free speech. We construe these issues as being a challenge to the
sufficiency of the evidence to support the jury’s findings that appellant breached the
lease and that his breach was unexcused.
          The record, however, is insufficient for this Court to review the sufficiency of
the evidence. On September 25, 2002, this Court received and filed a statement by the
court reporter that she did not file the reporter’s record because of nonpayment by
appellant. Accordingly, on October 21, 2002, this Court ordered as follows:
Appellant having failed to pay for the reporter’s record is advised that we
will proceed and consider this appeal based on the clerk’s record and
briefs alone. See Tex. R. App. P. 37.3(c).
 
          There being no reporter’s record of the jury trial in this case, we must presume
there was evidence to support the findings of the jury and the trial court’s judgment
rendered thereon. Bryant v. United Shortline, Inc., 972 S.W.2d 26, 31 (Tex. 1998);
Mays v. Pierce, 281 S.W.2d 79, 82 (Tex. 1955).
          Accordingly, we overrule appellant’s third issue.
 
 
 
 
Conclusion
          We affirm the judgment of the trial court.
 
 
                                                             Sherry Radack
                                                             Chief Justice
 
Panel consists of Chief Justice Radack and Justices Nuchia and Hanks.