Theresa **MARSHALL**, Appellant,

v.

**HOUSING AUTHORITY OF the CITY OF SAN ANTONIO, Appellee.**

No. 04–02–00821–CV.

Court of Appeals of Texas, San Antonio.

Nov. 26, 2003.

Rehearing Overruled Jan. 16, 2004.

David M. Winters, Texas Rural Legal Aid, San Antonio, for appellant.

R. David Fritsche, Law Offices of R. David Fritsche, San Antonio, for appellee.

Sitting: CATHERINE STONE, Justice, PAUL W. GREEN, Justice, KAREN ANGELINI, Justice.

## MEMORANDUM OPINION

Opinion by PAUL W. GREEN, Justice.

Theresa Marshall appeals the trial court's judgment granting possession of her former residence, a unit in Woodhill Apartments, to the San Antonio Housing Authority.[1] Marshall raises a single issue on appeal, questioning the validity of the Housing Authority's actions under the terms of her lease and seeking a reversal of the trial court's judgment that the Housing Authority is entitled to possession. Because the question of possession is moot, we dismiss the appeal.

Under the Texas Property Code, the judgment of a county court may not under any circumstances be stayed pending appeal unless, within 10 days of the signing of the judgment, the appellant files a *supersedeas* bond in the amount set by the county court. TEX. PROP.CODE ANN. § 24.007 (Vernon 2000); *Kemper v. Stonegate Manor Apartments, Ltd.*, 29 S.W.3d 362, 363 (Tex.App.-Beaumont 2000, pet. dism'd w.o.j.). An appellate court is empowered to stay the judgment of a county court in a forcible detainer action only if a *supersedeas* bond has been filed. *Id.* Otherwise, the judgment of the county court may not be stayed and the prevailing party may proceed to take possession. *Id.; See McCartney v. California Mortgage Serv.*, 951 S.W.2d 549, 550 (Tex.App.-

El Paso 1997, no writ) (appeal alone will not supersede a writ of possession). Once this has occurred, the case becomes moot. *Kemper*, 29 S.W.3d at 363.

A justiciable controversy between the parties must exist at every stage of the legal proceedings, including the appeal, or the case is moot. *See James v. Hubbard*, 21 S.W.3d 558, 560 (Tex.App.-San Antonio 2000, no pet.). We are prohibited from deciding moot controversies. *See Nat'l Collegiate Athletic Ass'n v. Jones*, 1 S.W.3d 83, 86 (Tex.1999); *Kemper*, 29 S.W.3d at 363.

■ Marshall failed to file a *supersedeas* bond with the trial court and, on November 14, 2002, she vacated the premises in order to prevent the execution of a writ of possession. Accordingly, we are past the point at which we could have granted effectual relief.

■ In her show cause response, Marshall argues she has a vital and continuing interest in obtaining a reversal of the judgment and that the requirement to post a *supersedeas* bond under the Texas Property Code is unconstitutional under the open courts mandate because she is indigent. *See* TEX. PROP.CODE ANN. § 24.007 (Vernon 2000). In support of her proposition, Marshall cites the cases of *Dillingham v. Putnam*, 109 Tex. 1, 14 S.W. 303, 305 (1890) and *R Communications, Inc. v. Sharp*, 875 S.W.2d 314, 315 (Tex.1994). While these cases discuss an individual's right to access the courts and the constitutionality of a legislative imposition of bonds, neither case accurately demonstrates the unconstitutionality of Texas Property Code § 24.007.

---

**1.** Woodhill Apartments are a part of Woodhill Public Facility Corporation which is owned and operated by the Housing Authority.

In conjunction with her open courts argument, Marshall also contends the trial court's imposition of the bond acts to deny her the right to seek review based on a financial barrier in violation of the Texas Constitution. Under the constitution citizens are guaranteed the right to access the courts "unimpeded by unreasonable financial barriers." *Texas Ass'n of Business v. Texas Air Control Board,* 852 S.W.2d 440, 448 (Tex.1993). Although Marshall claims that the *supersedeas* requirement is an unreasonable financial barrier, she fails to explain why or how the bond requirement is unconstitutional.

Finally, Marshall argues the bond is not required to perfect appeal, but only to supercede enforcement.[2] Assuming this statement holds true, Marshall fails to explain how the issue is not moot once possession has changed hands. In addition, the record demonstrates that Marshall did little, if any, to protect her continuing right to the property.

We find Marshall's arguments unpersuasive and dismiss the appeal.

2. Marshall also briefly addresses the imposition of the bond as an equal protection violation, the voluntariness of her relinquishment of possession, and the stigma of the judgment.