Opinion issued July 8, 2004











In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00199-CV




STEPHEN MANLEY, Appellant

V.

CAROL YOUNG, INDEPENDENT EXECUTRIX OF THE ESTATE OF
LOUISA HALLIDAY, DECEASED; ETTA MEARL RAMBADATH; DIETA
SCARLET GRANT; AND PHYLAR DENNIS RHONE, Appellees




On Appeal from the County Court at Law No. 4
Harris County, Texas
Trial Court Cause No. 769,339




MEMORANDUM OPINION
          This is an appeal of the trial court’s judgment awarding possession of the house
located at 5630 Simsdale, Houston, Texas 77033 to plaintiffs/appellees Carol Young,
Independent Executrix of the Estate of Louisa Halliday, Deceased; Etta Mearl
Rambadath; Dieta Scarlet Grant; and Phylar Dennis Rhone (collectively, the heirs).
Manley challenges the jurisdiction of the lower courts to hear the suit, the capacity
of the plaintiffs to bring this suit, the validity of the will disposing of the property, the
propriety of imposing a supersedeas bond when appellant is indigent, and the finality
of the judgment.


 The heirs contend that the appeal is moot. We dismiss in part and
affirm in part.
Background
          The Simsdale house was apparently vacant for some time. Appellant, Stephen
Manley, began occupying the house in the fall of 2000; he did not purchase the
property or pay rent. Instead, Manley filed an affidavit in which he stated that he
resided at 1919 Runnels, Houston, Texas 77003, but was filing the affidavit with the
intent to acquire the property at 5630 Simsdale—a vacant “eyesore”—via adverse
possession. Thereafter, Manley began to live in the house, and he made repairs to it
and paid the taxes on it. The property’s actual owner, Louisa Halliday, died testate
in New York, leaving the Simsdale house to the heirs. When the heirs were in the
process of selling the property, they discovered that Manley was living on it. The
heirs sued Manley to evict him from the premises. After a trial in the justice of the
peace court, the jury awarded possession of the property to the heirs. After a trial de
novo in the county court, a writ of possession was issued in favor of the heirs.
Jurisdiction
          In issue one, Manley contends there was a clear dispute of title. In issue six,
he contends he had an ownership interest in the property as demonstrated by Harris
County tax records. In issues two and three, he contends that neither the justice of the
peace court nor the county court had jurisdiction to determine title and that probate
courts have exclusive jurisdiction over matters pertaining to estates. In issue ten, he
contends the county court abused its discretion by determining heirs and adjudicating
title. We address these issues together because they are inherently inseparable in this
appeal.
          Manley’s jurisdictional arguments rest on a flawed premise—that the courts
were designating heirs and adjudicating title to the property. They were not. Rather,
they were determining who should have possession, not title. The heirs already had
title to the property and no issue relating to title was raised in the courts below. 
Accordingly, both of the courts below had jurisdiction to hear this case. See Falcon
v. Ensignia, 976 S.W.2d 336, 338 (Tex. App.—Corpus Christi 1998, no pet.) (holding
specific evidence of title dispute is required to raise issue of jurisdiction.) Manley’s
expressed intention to acquire ownership via adverse possession never ripened into
a title claim because he occupied the property for less than five years. See Tex. Civ.
Prac. & Rem. Code Ann. § 16.025 (Vernon 2002). There is nothing in the record
to show that a Texas probate court ever exercised any jurisdiction over the estate. 
Even if one had done so, this was a suit for possession over which both the justice of
the peace and the county court had jurisdiction. See Chapman v. S. Hospitalities,
Inc., 624 S.W.2d 320, 322 (Tex. App.—Tyler 1981, no writ). Finally, we note that
the will was admitted without objection. We overrule those issues pertaining to
jurisdiction, title, and the will—issues one to three, and six through ten.
Mootness
          Because it is dispositive of the primary issue in this appeal, i.e., who was
entitled to possession, we next address the issue of mootness. The Property Code
provides that:
A final judgment of a county court in an eviction suit may not be
appealed on the issue of possession unless the premises in question are
being used for residential purposes only. A judgment of a county court
may not under any circumstances be stayed pending appeal unless,
within 10 days of the signing of the judgment, the appellant files a
supersedeas bond in an amount set by the county court. 

Tex. Prop. Code Ann. § 24.007 (Vernon 2000). Therefore, because he used the
premises for residential purposes, Manley was entitled to appeal. However, because
Manley did not file the supersedeas bond of $9,600 as directed by the county court,
the judgment was not stayed pending appeal, and the writ issued on March 12, 2003. 
See McCartney v. Cal. Mortgage Serv., 951 S.W.2d 549, 550 (Tex. App.—El Paso
1997, no writ) (appeal alone will not supersede a writ of possession). There is no
authority to suggest that a party may avoid the necessity of posting a supersedeas
bond because he files a pauper’s oath.
          Manley vacated the premises on March 20, 2003, the day the writ of possession
was served. Once that occurred, the issue of possession became moot. See Kemper
v. Stonegate Manor Apts., 29 S.W.3d 362, 363 (Tex. App.—Beaumont 2000, pet.
dism’d w.o.j.). We are prohibited from deciding moot controversies. See Nat’l
Collegiate Athletic Ass’n v. Jones, 1 S.W.3d 83, 86 (Tex. 1999). Accordingly, we
dismiss as moot those issues in the appeal related to possession—issues four and five,
and eleven through thirteen.
Issues Unrelated to Possession
          Issues on appeal that are not dependent on the trial court’s determination of
possession are reviewable on appeal. Rice v. Pinney, 51 S.W.3d 705, 707 (Tex.
App.—Dallas 2001, no pet.). We therefore address the two remaining issues
unrelated to possession. In issue fourteen, Manley contends that not all of the parties
were disposed of in the judgment and that his counterclaim was not addressed in the
judgment. This contention has no merit. The judgment disposes of all parties on its
face. As for Manley’s counterclaim, there is no evidence in this record of his
expenditures, only a printed copy of an Internet site showing that he paid taxes on the
property at various times. The heirs contend that Manley did not raise this issue
before the justice of the peace court, and has thus waived any error. Because we do
not have that record before us, we cannot know whether Manley timely raised this
claim. What is evident, however, is that Manley has offered no legal authority to
suggest that someone who moves into what he perceives to be abandoned property
and spends money on the property for repairs and taxes is entitled to reimbursement. 
In effect, Manley gambled that he could retain possession of the premises long
enough to acquire it via adverse possession, but lost that gamble. 
          In issue fifteen, Manley contends that the county court rendered two judgments,
one for plaintiffs and one for defendants (including some of the actual plaintiffs), who
he argues were not correctly denominated, as he was the only defendant. However,
the record before us reflects only one judgment in which the plaintiffs and defendant
are correctly identified.
          We overrule issues fourteen and fifteen.
Conclusion
          We dismiss as moot that portion of the appeal related to possession of the
premises and overrule the remaining points of error. We affirm the judgment of the
trial court.
 

                                                             Evelyn V. Keyes
                                                             Justice

Panel consists of Justices Nuchia, Jennings, and Keyes.