**Melissa RAINES, Appellant**

v.

**Sonia GOMEZ, Appellee.**

**No. 06–04–00037–CV.**

Court of Appeals of Texas,
Texarkana.

Submitted June 8, 2004.

Decided Aug. 25, 2004.

Melissa Raines, Paris, TX, pro se.

Sonia Gomez, Sulphur Springs, TX, pro se.

Before MORRISS, C.J., ROSS and CARTER, JJ.

## OPINION

Opinion by Justice ROSS.

We withdraw our previous opinion in this case and substitute in its place the following opinion. *See* TEX.R.APP. P. 49.7.

In 2001, the justice court for precinct 2, place 1, of Hopkins County awarded Sonia Gomez a judgment of $5,000.00 plus court costs against Melissa Raines. *See Raines v. Gomez*, 118 S.W.3d 875, 876 (Tex.App.-Texarkana 2003, no pet.) (*"Raines I "*).[1] Raines appealed to the county court at law of Hopkins County, filed an answer of general denial, but ultimately lost on a trial de novo when she failed to appear at trial. On further appeal to this Court, we found the trial court erred by granting a default judgment in favor of Gomez because Raines had not received proper notice of the trial setting. We then reversed the trial court's judgment and remanded the case for new trial. *Id.* at 877. Our mandate issued December 10, 2003.

The trial court conducted a new trial November 20, 2003—several days before we issued our mandate in the earlier appeal. Raines did not attend the trial. The trial court again granted a default judgment in favor of Gomez,[2] which Raines now appeals.[3] We sustain Raines' fifth

point of error, reverse the trial court's judgment, and remand the case for further proceedings consistent with this opinion.

█ In her fifth point of error, Raines contends the trial court's judgment is not supported by any evidence because Gomez failed to offer evidence or testimony at trial. "As a general rule, no evidence is required to support a default judgment." *Osteen v. Osteen*, 38 S.W.3d 809, 814 (Tex. App.-Houston [14th Dist.] 2001, no pet.). When a default judgment is granted because a party has failed to appear for trial, "it is said that the non-answering party has 'admitted' the facts properly pled and the justice of the opponent's claim...." *Stoner v. Thompson*, 578 S.W.2d 679, 682 (Tex.1979); *see also Osteen*, 38 S.W.3d at 814.

█ If, however, the defendant had filed an answer, then a post-answer failure to appear at trial "constitutes neither an abandonment of defendant's answer nor an implied confession of any issues thus joined by the defendant's answer. Judgment cannot be entered on the pleadings, but the plaintiff in such a case must offer evidence and prove his case as in a judgment upon a trial." *Stoner*, 578 S.W.2d at 682.

█ In this case, on remand from this Court after the first appeal, the trial court granted a default judgment in Gomez' fa-

---

1. Because the record filed in *Raines I* is relevant to the issues now on appeal, we take judicial notice of the record from *Raines I*. *See* TEX.R. EVID. 201 (judicial notice may be taken at any state of proceeding where fact or facts to be noticed is capable of accurate and ready determination by resort to sources whose accuracy cannot be questioned).

2. Later, on January 9, 2004, the trial court filed its findings of fact and conclusions of law; it also entered a judgment nunc pro tunc.

3. We note that the record contains no evidence Raines filed a supersedeas bond within ten days of the trial court's judgment. *See* TEX. PROP.CODE ANN. § 24.007 (Vernon 2000). However, because the trial court has also not yet issued a writ of possession, this controversy is not moot, and we have jurisdiction to consider Raines' points of error. *Cf. Kemper v. Stonegate Manor Apartments, Ltd.*, 29 S.W.3d 362, 363 (Tex.App.-Beaumont 2000, pet. dism'd w.o.j.) (appellant failed to file supersedeas bond within ten days; appeal became moot once trial court issued writ of possession; appeal dismissed).

vor when Raines failed to appear at trial. Gomez did not, however, present any evidence to prove her case. Accordingly, there is no evidence to support the default judgment since the trial court could not award a post-answer default judgment based on the pleadings alone.

We sustain Raines' fifth point of error,[4] reverse the trial court's judgment, and remand the case for further proceedings consistent with this opinion.

---

4. This point being dispositive, we find it unnecessary to discuss Raines' other points of error.