Dismissed and Memorandum Opinion filed January 31, 2006









Dismissed and Memorandum Opinion filed January 31,
2006.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-05-00558-CV

____________

 

GREGORY H. REAGAN,
Appellant

 

V.

 

RUBY HAZEL MORGAN,
Appellee

 



 

On Appeal from County Civil Court
at Law No. 2 

Harris County, Texas

Trial Court Cause No. 836,298 

 



 

M E M O R A N D U M   O P I N I O N

This appeal is from a judgment signed May 20, 2005.  Gregory H. Reagan filed a notice of appeal
from the trial court=s judgment granting Ruby Hazel Morgan possession of 2809
Thomas Avenue, his former residence.  On
December 2, 2005, appellee filed a motion to dismiss the appeal on the grounds
the case is moot.  See Tex. R. App. P. 42.3.  Because the question of possession is
moot, we dismiss the appeal.

 








An action for forcible detainer is intended to be a summary,
speedy, and inexpensive remedy.  See
McGlothlin v. Kliebert, 672 S.W.2d 231, 232 (Tex.1984).  For that reason, a county court=s judgment may not be stayed pending
appeal unless a supersedeas bond is filed by appellant within ten days of the
judgment being signed.  Tex. Prop. Code Ann. ' 24.007 (Vernon 2000).  Otherwise, the judgment may not be stayed and
the prevailing party may move to take possession.  See McCartney v. California Mortgage Serv.,
951 S.W.2d 549, 550 (Tex.App.‑‑El Paso 1997, no writ).  Once this has occurred, the case becomes moot
because a justiciable controversy must exist at every stage of the legal
proceedings, including the appeal.  See
Shelby Operating Co. v. City of Waskom, 964 S.W.2d 75, 81 (Tex.App.‑‑Texarkana
1997, pet. denied); Zimmerman v. Ottis, 941 S.W.2d 259, 263 (Tex.App.‑‑Corpus
Christi 1996, no writ); James v. Hubbard, 21 S.W.3d 558, 560 (Tex.App.‑‑San
Antonio 2000, no pet.).  We are
prohibited from deciding moot controversies. 
See National Collegiate Athletic Ass'n v. Jones, 1 S.W.3d 83, 86
(Tex.1999).

The record does not show Reagan filed a supersedeas
bond.  On October 7, 2005, writ of
possession was issued.  A certified copy
of the officer=s return reflects Reagan voluntarily
removed himself from the premises. 
Accordingly, the case is moot.  See
Kemper v. Stonegate Manor Apartments, Ltd., 29 S.W.3d 362, 363 (Tex.App.‑Beaumont
2000, no pet.).

We therefore grant appellee=s motion and order the appeal
dismissed.

 

                                                                        PER
CURIAM

 

Judgment rendered
and Memorandum Opinion filed January 31, 2006.

Panel consists of
Justices Fowler, Edelman, and Guzman.