TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-05-00247-CV







Ava Vercher, Appellant




v.




Walter Mortgage Company, Appellee








FROM THE COUNTY COURT AT LAW OF BURNET COUNTY


NO. C2953, HONORABLE WILLIAM R. SAVAGE, JUDGE PRESIDING






M E M O R A N D U M O P I N I O N




 Appellee Walter Mortgage Company has filed a motion to dismiss the appeal as moot.
We grant the motion and dismiss the appeal.

 After Ava Vercher filed a notice of appeal from the judgment against her in a forcible
entry and detainer suit, she filed a motion to review the trial court's order setting the amount of
supersedeas bond. See Tex. R. App. P. 24.4; Tex. Prop. Code Ann. § 24.007 (West 2000). She
sought to lower the amount of the bond set in the order and also requested temporary relief from this
Court to stay the trial court's order authorizing the issuance of a writ of possession to appellee
Walter Mortgage Company pending our review of the amount of supersedeas. See Tex. R. App. P.
24.2(c).

 This Court granted appellant's motion for temporary relief. See Vercher v. Walter
Mortgage Co., No. 03-05-00247-CV, slip op. (Tex. App.--Austin June 17, 2005, order). After
reviewing the motion to lower supersedeas, the response, and the record, we determined that relief
should be denied. The amount of the supersedeas bond remained that set by the trial court in its June
8, 2005 order. Appellant was given twenty days from the date of the order denying relief to post
supersedeas in compliance with the trial court's order. Our stay expired by its own terms if no
supersedeas was posted on that date. The trial court was free to issue a writ of possession at any time
subsequent to that date. See Vercher v. Walter Mortgage Co., No. 03-05-00247-CV, slip op. (Tex.
App.--Austin Aug. 11, 2005, order).

 Vercher did not file the supersedeas bond. The writ of possession issued. However, 
before execution, Vercher filed for bankruptcy protection. (1) Walter Mortgage obtained a lift of the
bankruptcy stay to allow execution of the writ of possession. Walter Mortage executed the writ of
possession, evicted Vercher, and has filed a motion to dismiss the appeal as moot. We will grant the
motion and dismiss the appeal.

 Under the Texas Property Code, the judgment of a county court may not be stayed
pending appeal unless, within ten days of the signing of the judgment, the appellant files a
supersedeas bond in the amount set by the county court. Tex. Prop. Code Ann. § 24.007 (West
2000); Kemper v. Stonegate Manor Apartments, 29 S.W.3d 362, 363 (Tex. App.--Beaumont 2000,
pet. dism'd w.o.j.). An appellate court may stay the judgment of a county court in a forcible detainer
action only if a supersedeas bond has been filed. Id. Otherwise, the judgment of the county court
may not be stayed and the prevailing party may proceed to take possession. Id.; McCartney v.
California Mortgage Serv., 951 S.W.2d 549, 550 (Tex. App.--El Paso 1997, no writ). Once the
prevailing party has taken possession, the case becomes moot. Kemper v. Stonegate Manor
Apartments, 29 S.W.3d 362, 363 (Tex. App.--Beaumont 2000, pet. dism'd w.o.j.); accord Sark v.
Federal Home Loan Mortgage Corp., 2005 Tex. App. LEXIS 10417, at *2 n.4 (Tex. App.--Fort
Worth Dec. 15, 2005, no pet.) (memo. op.) (citing Stonegate); Alexander v. Housing Authority of the
City of New Boston, 2004 Tex. App. LEXIS 2191 (Tex. App.--Texarkana Mar. 9, 2004, no pet.)
(memo. op.) (same). (2)

 A justiciable controversy between the parties must exist at every state of the legal
proceedings, including the appeal, or the case is moot. See James v. Hubbard, 21 S.W.3d 558, 560
(Tex. App.--San Antonio, no pet.). We are prohibited from deciding moot controversies. See Nat'l
Collegiate Athletic Ass's v. Jones, 1 S.W.3d 83, 86 (Tex. 1999).



 In this case, Vercher failed to post a supersedeas bond. Walter Mortgage has
executed the writ of possession and evicted her from the premises. This Court can give her no relief. 
Accordingly, this case is moot. See Stonegate, 29 S.W.3d at 363; cf. Raines v. Gomez, 143 S.W.3d
867, 868 n.3 (Tex. App.--Texarkana 2004, no pet.) (no writ of possession had issued so appeal not
moot). We grant appellee's motion to dismiss and dismiss the appeal. (3)



 

 W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices B. A. Smith and Puryear


Dismissed as Moot


Filed: February 3, 2006
1. Vercher had filed a previous Chapter 13 bankruptcy proceeding to prevent the foreclosure,
but failed to comply with the payment plan.
2. The only issue in a forcible entry and detainer suit is possession. Vercher's defense to the
forcible entry and detainer suit principally argued that Walter Mortgage Company had wrongfully
foreclosed, a claim properly addressed in a suit for wrongful foreclosure in district court. See
Dormady v. Dinero Land & Cattle Co., L.C., 61 S.W.3d 555, 558 (Tex. App.--San Antonio 2001,
pet. dism'd w.o.j.).
3. Appellant's pending "motion to alter deadlines and postpone submission" is dismissed.