# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---
## NO. 03-05-00247-CV
---

**Ava Vercher, Appellant**

**v.**

**Walter Mortgage Company, Appellee**

---
### FROM THE COUNTY COURT AT LAW OF BURNET COUNTY
### NO. C2953, HONORABLE WILLIAM R. SAVAGE, JUDGE PRESIDING
---

## M E M O R A N D U M   O P I N I O N

Appellee Walter Mortgage Company has filed a motion to dismiss the appeal as moot. We grant the motion and dismiss the appeal.

After Ava Vercher filed a notice of appeal from the judgment against her in a forcible entry and detainer suit, she filed a motion to review the trial court's order setting the amount of supersedeas bond. *See* Tex. R. App. P. 24.4; Tex. Prop. Code Ann. § 24.007 (West 2000). She sought to lower the amount of the bond set in the order and also requested temporary relief from this Court to stay the trial court's order authorizing the issuance of a writ of possession to appellee

Walter Mortgage Company pending our review of the amount of supersedeas. *See* Tex. R. App. P. 24.2(c).

This Court granted appellant's motion for temporary relief. *See Vercher v. Walter Mortgage Co.*, No. 03-05-00247-CV, slip op. (Tex. App.—Austin June 17, 2005, order). After reviewing the motion to lower supersedeas, the response, and the record, we determined that relief should be denied. The amount of the supersedeas bond remained that set by the trial court in its June 8, 2005 order. Appellant was given twenty days from the date of the order denying relief to post supersedeas in compliance with the trial court's order. Our stay expired by its own terms if no supersedeas was posted on that date. The trial court was free to issue a writ of possession at any time subsequent to that date. *See Vercher v. Walter Mortgage Co.*, No. 03-05-00247-CV, slip op. (Tex. App.—Austin Aug. 11, 2005, order).

Vercher did not file the supersedeas bond. The writ of possession issued. However, before execution, Vercher filed for bankruptcy protection.[1] Walter Mortgage obtained a lift of the bankruptcy stay to allow execution of the writ of possession. Walter Mortage executed the writ of possession, evicted Vercher, and has filed a motion to dismiss the appeal as moot. We will grant the motion and dismiss the appeal.

Under the Texas Property Code, the judgment of a county court may not be stayed pending appeal unless, within ten days of the signing of the judgment, the appellant files a supersedeas bond in the amount set by the county court. Tex. Prop. Code Ann. § 24.007 (West

---

[1] Vercher had filed a previous Chapter 13 bankruptcy proceeding to prevent the foreclosure, but failed to comply with the payment plan.

2000); *Kemper v. Stonegate Manor Apartments*, 29 S.W.3d 362, 363 (Tex. App.—Beaumont 2000, pet. dism'd w.o.j.). An appellate court may stay the judgment of a county court in a forcible detainer action only if a supersedeas bond has been filed. *Id.* Otherwise, the judgment of the county court may not be stayed and the prevailing party may proceed to take possession. *Id.*; *McCartney v. California Mortgage Serv.*, 951 S.W.2d 549, 550 (Tex. App.—El Paso 1997, no writ). Once the prevailing party has taken possession, the case becomes moot. *Kemper v. Stonegate Manor Apartments*, 29 S.W.3d 362, 363 (Tex. App.—Beaumont 2000, pet. dism'd w.o.j.); *accord Sark v. Federal Home Loan Mortgage Corp.*, 2005 Tex. App. LEXIS 10417, at *2 n.4 (Tex. App.—Fort Worth Dec. 15, 2005, no pet.) (memo. op.) (citing *Stonegate)*; *Alexander v. Housing Authority of the City of New Boston*, 2004 Tex. App. LEXIS 2191 (Tex. App.—Texarkana Mar. 9, 2004, no pet.) (memo. op.) (same).[2]

A justiciable controversy between the parties must exist at every state of the legal proceedings, including the appeal, or the case is moot. *See James v. Hubbard*, 21 S.W.3d 558, 560 (Tex. App.—San Antonio, no pet.). We are prohibited from deciding moot controversies. *See Nat'l Collegiate Athletic Ass's v. Jones*, 1 S.W.3d 83, 86 (Tex. 1999).

---

[2] The only issue in a forcible entry and detainer suit is possession. Vercher's defense to the forcible entry and detainer suit principally argued that Walter Mortgage Company had wrongfully foreclosed, a claim properly addressed in a suit for wrongful foreclosure in district court. *See Dormady v. Dinero Land & Cattle Co., L.C.*, 61 S.W.3d 555, 558 (Tex. App.—San Antonio 2001, pet. dism'd w.o.j.).

3

In this case, Vercher failed to post a supersedeas bond. Walter Mortgage has executed the writ of possession and evicted her from the premises. This Court can give her no relief. Accordingly, this case is moot. *See Stonegate*, 29 S.W.3d at 363; *cf. Raines v. Gomez*, 143 S.W.3d 867, 868 n.3 (Tex. App.—Texarkana 2004, no pet.) (no writ of possession had issued so appeal not moot). We grant appellee's motion to dismiss and dismiss the appeal.[3]

---

W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices B. A. Smith and Puryear

Dismissed as Moot

Filed: February 3, 2006

---

[3] Appellant's pending "motion to alter deadlines and postpone submission" is dismissed.