In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-06-00068-CR


______________________________




NOLEN EDWIN KIRKPATRICK, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 402nd Judicial District Court


Wood County, Texas


Trial Court No. 18,911-2005




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Moseley



MEMORANDUM OPINION



 Nolen Edwin Kirkpatrick has appealed from his jury conviction of assault against a public
servant (habitual). See Tex. Penal Code Ann. §§ 12.42, 22.01 (Vernon Supp. 2006). The jury
assessed a punishment of twenty-five years' imprisonment, to run concurrently with sentences in
three companion cases tried at the same time and on which appeals have also been filed. Kirkpatrick
was represented by Douglas Parks at trial. Kirkpatrick's first counsel on appeal was Jim Wheeler;
Larry P. King was then appointed as counsel on appeal. 

 Appellate counsel filed a brief November 6, 2006, under the mandate of Anders v. California,
386 U.S. 738 (1967), and Ex parte Senna, 606 S.W.2d 329, 330 (Tex. Crim. App. 1980), and has
accordingly also filed a motion to withdraw. Counsel sent Kirkpatrick a copy of the brief and
advised Kirkpatrick by letter that he believes there are no arguable contentions of error. He also
informed Kirkpatrick of his right to review the record and file a pro se response. Kirkpatrick
requested an extension of time to file his response, but that time has now passed and no response has
been filed. Kirkpatrick has not requested additional time in which to file the response.

 Counsel has filed a brief which discusses the record and reviews the proceedings. Counsel
has thus provided a professional evaluation of the record demonstrating why, in effect, there are no
arguable grounds to be advanced, as required by High v. State, 573 S.W.2d 807, 812 (Tex. Crim.
App. [Panel Op.] 1978). See also Stafford v. State, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App.
1991). Counsel concluded from his review of the record that there is no arguable point of error to
support the appeal. 

 We have, likewise, reviewed the record and agree with counsel that there are no arguable
points of error in this case. (1)

 We affirm the judgment of the trial court.




 Bailey C. Moseley

 Justice


Date Submitted: February 26, 2007

Date Decided: February 28, 2007


Do Not Publish


1. Since we agree this case presents no reversible error, we also, in accordance with Anders,
grant counsel's request to withdraw from further representation of Kirkpatrick in this case. No
substitute counsel will be appointed. Should Kirkpatrick wish to seek further review of this case by
the Texas Court of Criminal Appeals, Kirkpatrick must either retain an attorney to file a petition for
discretionary review or Kirkpatrick must file a pro se petition for discretionary review. Any petition
for discretionary review must be filed within thirty days from the date of either this opinion or the
last timely motion for rehearing that was overruled by this Court. See Tex. R. App. P. 68.2. Any
petition for discretionary review must be filed with this Court, after which it will be forwarded to
the Texas Court of Criminal Appeals along with the rest of the filings in this case. See Tex. R. App.
P. 68.3. Any petition for discretionary review should comply with the requirements of Rule 68.4 of
the Texas Rules of Appellate Procedure.


 lawsuit. Because
the county court dismissed the lawsuit and the justice court's opinion had been vacated, there is no
valid judgment determining the right to possession of the premises or awarding damages to Dahir. 
Unwittingly, the county court has granted Hawthorne the relief she requests on appeal. As such,
Hawthorne's appeal is moot. Any opinion addressing the issues raised by Hawthorne on appeal
would be advisory, which is forbidden by the Texas Constitution. See Valley Baptist Med. Ctr. v.
Gonzalez, 33 S.W.3d 821, 822 (Tex. 2000); see also Marshall, 198 S.W.3d at 785. 

 We dismiss Hawthorne's appeal as moot.




 Bailey C. Moseley

 Justice


Date Submitted: April 28, 2008

Date Decided: May 13, 2008


1. We note some of the documents in the record, including the judgment, are titled "County
Court at Law." A "county court at law" is a statutory county court created by an act of the Texas
Legislature. Sultan v. Mathew, 178 S.W.3d 747, 753 n.2 (Tex. 2005) (Hecht, J., dissenting). We
take judicial notice that this is an appeal from the constitutional county court of Delta County.
2. Hawthorne filed an answer in justice court and several motions in the county court. "[T]he
written pleadings of record in the justice court will generally constitute an appearance by the
respective parties of record in the county court." Withrow v. Schou, 13 S.W.3d 37, 40 (Tex.
App.--Houston [14th Dist.] 1999, pet. denied); cf. Smith v. Lippmann, 826 S.W.2d 137, 138 (Tex.
1992); see Tex. R. Civ. P. 753. When a defendant, who has filed an answer, fails to appear for trial,
the plaintiff may obtain a post-answer default judgment against that defendant. Stoner v. Thompson,
578 S.W.2d 679, 682 (Tex. 1979) (A post-answer default judgment "cannot be entered on the
pleadings, but the plaintiff in such a case must offer evidence and prove his case as in a judgment
upon a trial."); Raines v. Gomez, 143 S.W.3d 867, 868 (Tex. App.--Texarkana 2004, no pet.).