NO. 07-06-0250-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

APRIL 30, 2008

______________________________

RICHARD MCDANIEL, INDIVIDUALLY AND D/B/A

RICHARD MCDANIEL, INC., D/B/A B.R. ROOFING,

A/K/A B & R ROOFING, APPELLANT

V.

BENNY BENNETT AND WIFE, MARY BENNETT, APPELLEES

_________________________________

FROM THE 31ST DISTRICT COURT OF WHEELER COUNTY;

NO. 11632; HONORABLE STEVEN R. EMMERT, JUDGE

_______________________________

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

CONCURRING AND DISSENTING OPINION

There is much in the Court’s opinion with which I agree.  I agree that at trial it was the Bennetts’ burden to produce competent proof of their actual damages.  I further agree that, when seeking to recover damages based upon a cost of repair theory in a breach of contract context, it was their burden to prove that the repairs were both reasonable and necessary to restore the property to the condition that it would have been had the defaulting party not breached the contract.  And, while I join the majority’s conclusion that the evidence offered by the Bennetts did not meet this threshold requirement, I do not believe this conclusion mandates that we render a take nothing judgment in favor of them and, therefore, respectfully dissent.

First, this is a no-answer default judgment as to the corporate defendant, Richard McDaniel, Inc., d/b/a B.R. Roofing, a/k/a B&R Roofing.  When a no-answer default judgment is taken on an unliquidated claim, all allegations of fact set forth in the petition are deemed admitted, except the amount of damages.  
Swinnea v. Flores,
 2008 WL 1848203 (Tex.App.–Amarillo No. 07-07-0060-CV, April 25, 2008).  Therefore, as to all liability issues, the Bennetts are entitled to a default judgment against Richard McDaniel, Inc., d/b/a B.R. Roofing, a/k/a B&R Roofing.  
When we find no evidence supporting an element of damages awarded in an uncontested default judgment, rather than render a take-nothing judgment, we are to remand.  
Holt Atherton Industries v. Heine, 
835 S.W.2d 80, 86 (Tex. 1992).

Second, while like the majority, I agree that in a post-answer default judgment situation the failure of the defendant to appear does not constitute an abandonment of his pleadings, nor does it amount to an implied confession of liability; unlike the majority, I do not believe the Bennetts failed to offer sufficient evidence to support the trial court’s liability findings as to their contract cause of action.  Conversely, I do believe the Bennetts offered no evidence to establish their DTPA cause of action.  When we find no evidence supporting a cause of action in a post-answer default judgment, rather than render judgment, we are to remand.  
Raines v. Gomez,
 143 S.W.3d 867 (Tex.App.–Texarkana 2004 no writ).  
See also Holt Atherton Industries v. Heine, 
835 S.W.2d 80, 86 (Tex. 1992).  
Therefore, I would reverse and remand as to all claims as to Richard McDaniel, Inc., d/b/a B.R. Roofing, a/k/a B&R Roofing; reverse and remand as to the Bennetts’ DTPA cause of action as to Richard McDaniel, individually; affirm the trial court’s judgment as to the Bennetts’ contract liability issues against Richard McDaniel, individually, reverse all damage awards, and remand the cause to the trial court for further proceedings.

Patrick A. Pirtle

     Justice