NO. 07-06-0250-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JUNE 20, 2008
_____

RICHARD MCDANIEL, INDIVIDUALLY AND D/B/A
RICHARD MCDANIEL, INC., D/B/A B.R. ROOFING,
A/K/A B & R ROOFING, APPELLANT

V.

BENNY BENNETT AND WIFE, MARY BENNETT, APPELLEES
_____

FROM THE 31ST DISTRICT COURT OF WHEELER COUNTY;

NO. 11632; HONORABLE STEVEN R. EMMERT, JUDGE
_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**CONCURRING AND DISSENTING OPINION**

Upon consideration of Bennett's *Motion for Rehearing* and McDaniel's *Response of Appellant to Appellees' Motion for Rehearing,* for the purpose of clarification and correction as to the appropriate disposition, I withdraw my opinion of April 30, 2008, and substitute the following concurring and dissenting opinion.

There is much in the Court's majority opinion with which I agree. I agree that at trial it was the Bennetts' burden to produce competent proof of their actual damages. I further agree that, when seeking to recover damages based upon a cost of repair theory in a breach of contract context, it was their burden to prove that the repairs were both reasonable and necessary to restore the property to the condition that it would have been had the defaulting party not breached the contract. And, while I join the majority's conclusion that the evidence offered by the Bennetts did not meet this threshold requirement, I do not believe this conclusion mandates that we render a take nothing judgment and, therefore, respectfully dissent.

**Richard McDaniel, Inc.**

In McDaniel's response to Bennett's motion for rehearing, McDaniel takes the position that the corporate entity, Richard McDaniel, Inc., was not a party to this proceeding. McDaniel's response states, "[t]he cause of action asserted by [the Bennetts] was merely a suit against an individual, acting individually and under various assumed names. The corporate entity was not and is not sued as a separate legal entity, and the individual, RICHARD McDANIEL, was the only named party in the suit." This position is inconsistent with the record. The Bennetts' original petition specifically named Richard McDaniel, Inc. as a separate defendant; the citation was issued as to Richard McDaniel, Individually and *as registered agent for Richard McDaniel, Inc.* d/b/a B.R. Roofing a/k/a B&R Roofing; and, the judgment itself refers to a judgment against the defendants in the

2

plural. Therefore, the judgment in question is a no-answer default judgment as to the corporate defendant, Richard McDaniel, Inc., d/b/a B.R. Roofing, a/k/a B&R Roofing.

When a no-answer default judgment is taken on an unliquidated claim, all allegations of fact set forth in the petition are deemed admitted, except the amount of damages. *Swinnea v. Flores*, No. 07-07-0060-CV, 2008 WL 1848203, at *2 (Tex.App.–Amarillo, April 25, 2008, no pet. h.). Therefore, as to all liability issues, the Bennetts are entitled to a default judgment against Richard McDaniel, Inc., d/b/a B.R. Roofing, a/k/a B&R Roofing.

As previously stated, I concur with the majority opinion's conclusion that the Bennetts did not sustain their burden of establishing their unliquidated damages. When an appellate court sustains a legal sufficiency point after an uncontested hearing on unliquidated damages following a no-answer default judgment, the appropriate disposition is not the rendition of a take-nothing judgment, but rather a remand for a new trial on the issue of unliquidated damages. *Holt Atherton Industries v. Heine,* 835 S.W.2d 80, 86 (Tex. 1992). Therefore, as to the defendant, Richard McDaniel, Inc., I would affirm the liability judgment and remand for a new trial on the issue of unliquidated damages.

**Richard McDaniel, Individually**

With respect to Richard McDaniel, individually, I agree with the majority that in a post-answer default judgment situation the failure of the defendant to appear does not

3

constitute an abandonment of his pleadings, nor does it amount to an implied confession of liability. However, unlike the majority, I do not believe the Bennetts failed to offer sufficient evidence to support the trial court's liability findings as to their contract cause of action. Therefore, as to their contract cause of action, I would affirm the trial court's liability finding.

I do not believe the Bennetts offered legally sufficient evidence to establish their DTPA cause of action. Therefore, as to their DTPA cause of action, I would reverse the trial court's liability finding and remand for further proceedings in the interest of justice. S*ee* Tex. R. App. P. 43.3.

When an appellate court finds no evidence supporting an essential element to a cause of action in a post-answer default judgment, rather than render judgment, we are to remand. *See Davis v. McCully*, No. 02-05-00072-CV, 2006 WL 133519, at *1 (Tex.App.–Fort Worth Jan. 19, 2006, no pet.); Raines v. Gomez, 143 S.W.3d 867 (Tex.App.–Texarkana 2004, no pet.). *See also Holt Atherton Industries v. Heine*, 835 S.W.2d 80, 86 (Tex. 1992). Therefore, as to Richard McDaniel, individually, I would affirm the trial court's judgment as to the Bennetts' contract liability issues; reverse and remand as to the Bennetts' DTPA cause of action; and reverse all damage awards and remand the cause to the trial court for further proceedings consistent with this opinion.

Patrick A. Pirtle
Justice

4