

# NUMBER 13-21-00101-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

JESUS S. PUENTE,                                           **Appellant,**

**v.**

SECRETARY OF THE US DEPARTMENT
OF VETERANS AFFAIRS, AN OFFICER
OF THE UNITED STATES BY AND
THROUGH VRM (VENDOR RESOURCE
MANAGEMENT), DULY AUTHORIZED
AGENT FOR THE SECRETARY OF
VETERANS AFFAIRS,                              **Appellee.**

## On appeal from the County Court at Law No. 5
of Nueces County, Texas.

# ORDER

**Before Chief Justice Contreras and Justices Benavides and Tijerina**
**Order Per Curiam**

Appellant Jesus S. Puente has perfected an appeal of the trial court's March 11, 2022 judgment awarding a writ of possession to appellee. Appellant has filed a "Motion for Stay" asking this Court to stay execution of the writ of possession during the pendency of the appeal. Appellant argues that, because he filed a statement of indigence with the trial court, the trial court erred by requiring him to file a supersedeas bond in order to suspend enforcement of the judgment.

"A judgment of a county court may not under any circumstances be stayed pending appeal unless, within 10 days of the signing of the judgment, the appellant files a supersedeas bond in an amount set by the county court." TEX. PROP. CODE ANN. § 24.007. Therefore, in an appeal to this court from a county court at law's judgment of eviction, a party's indigence does not relieve him of the obligation to file a supersedeas bond. *Kemper v. Stonegate Manor Apartments, Ltd.*, 29 S.W.3d 362, 363 (Tex. App.—Beaumont 2000, pet. dism'd w.o.j.), *disapproved of on other grounds by Marshall v. Hous. Auth. of City of San Antonio*, 198 S.W.3d 782 (Tex. 2006); *see Cuellar v. Punjabi*, No. 04-21-00371-CV, 2021 WL 5812289, at *1 (Tex. App.—San Antonio Dec. 8, 2021, no pet.) (mem. op.); *Johnson v. Freo Tex. LLC*, No. 01-15-00398-CV, 2016 WL 2745265, at *2 (Tex. App.—Houston [1st Dist.] May 10, 2016, no pet.) (mem. op.). Thus, even if appellant is indigent, he was required to file a supersedeas bond if he wished to suspend enforcement of the judgment during his appeal.[1]

---

[1] In general, when a judgment is for the recovery of an interest of real property, the amount of the supersedeas bond must be "at least . . . the value of the property interest's rent or revenue." TEX. R. APP. P. 24.2(a)(2)(A). However, the trial court "must lower the amount" of the supersedeas bond "to an amount that will not cause the judgment debtor substantial economic harm if, after notice to all parties and a hearing, the court finds that posting a bond, deposit, or security in the amount required by [the general rule] is likely to cause the judgment debtor substantial economic harm." TEX. R. APP. P. 24.2(b).

For the foregoing reasons, we lack authority to grant the relief appellant requests in his motion for stay. Accordingly, the motion is DENIED.

PER CURIAM

Delivered and filed on the
29th day of April, 2022.