Melissa RAINES, Appellant,

v.

Sonia GOMEZ, Appellee.

No. 06–02–00003–CV.

Court of Appeals of Texas,
Texarkana.

Submitted Feb. 24, 2003.
Decided Sept. 30, 2003.

Melissa Raines, Sulphur Springs, pro se.

Sonia Gomez, Sulphur Springs, pro se.

Before MORRISS, C.J., ROSS and
CARTER, JJ.

## OPINION

Opinion by Justice ROSS.

Melissa Raines appeals the trial court's judgment in favor of Sonia Gomez. On appeal, Raines raises thirteen points of error.[1] Gomez failed to file a brief. We

---

1. The appendix to Raines' brief includes photocopies of envelopes she claims are relevant to her points of error. The original envelopes, from which the photocopies were pre-sumably made, were not a part of the record in the trial court before Raines filed her notice of appeal. With limited exceptions not applicable here, we may not consider materi-

sustain Raines' first point of error, and part of her twelfth point, and remand the case for a new trial.

On October 15, 2001, Gomez sued Raines in the justice court for precinct two, place 1, of Hopkins County, Texas, for eviction, unpaid rent, and property damages. Gomez prevailed in the justice court, securing a default judgment for $5,000.00 plus court costs. The justice court also entered an order allowing Gomez to take immediate possession of the rental property. Raines then appealed the case to the County Court at Law of Hopkins County.

On the morning of November 16, 2001, Raines filed a general denial in response to the allegations contained in Gomez' petition. Later that afternoon, the county court at law issued an order setting the case for a trial de novo December 20, 2001. The record before us shows the clerk's office mailed the trial notice to Raines November 16 via regular first class mail.

Raines did not appear for trial before the county court at law December 20, 2001. The trial court awarded Gomez $5,000.00 in damages and back rent, less $800.00 for an award Gomez received in a previous lawsuit against Raines. Raines appeals to this Court from that judgment. In her first point of error, Raines contends she did not receive notice of the December 20, 2001, trial setting. In her twelfth point of error, Raines refers to the forty-five-day notice requirement of Tex.R. Civ. P. 245.

■ Due process requires that a party to a lawsuit receive reasonable notice of a trial setting. *In re J.B.*, 93 S.W.3d 609, 615 (Tex.App.-Waco 2002, no pet. h.) (citing *Peralta v. Heights Med. Ctr., Inc.*, 485 U.S. 80, 84, 108 S.Ct. 896, 99 L.Ed.2d 75 (1988); *In re Marriage of Parker*, 20 S.W.3d 812, 818 (Tex.App.-Texarkana 2000, no pet.)). A judgment that is entered without proper notice to the parties is constitutionally infirm. *Peralta v. Heights Med. Ctr., Inc.*, 485 U.S. 80, 84, 108 S.Ct. 896, 99 L.Ed.2d 75 (1988).

In Texas, a trial court may schedule contested cases on its own motion, providing it gives the parties "reasonable notice of not less than forty-five days" before the first scheduled trial setting. Tex.R. Civ. P. 245. The Texas Rules of Civil Procedure also require notice of the trial setting to be sent by personal service, courier receipted delivery, certified or registered mail, fax, or by any other manner as the trial court in its discretion may direct. Tex.R. Civ. P. 21a.

■ In the case now before us, the county court at law issued a scheduling order on November 16, 2001, for a December 20, 2001, trial setting. The scheduled trial date was less than forty-five days from the date the court issued its notice of the trial. Accordingly, the trial court erred by failing to provide timely notice to the parties as provided by the Texas Rules of Civil Procedure. Moreover, the notice, though mailed, was not sent by registered or certified mail, as required under the Texas Rules of Civil Procedure. *See* Tex.R. Civ. P. 21a. The record does not affirmatively indicate the trial court authorized service by an alternative method other than those methods prescribed by the Texas Rules of Civil Procedure, nor does the record before us show Raines waived customary methods of service. The record also does not affirmatively demonstrate Raines received actual notice of the trial setting via alternate methods of service such as personal delivery. There-

als that are improperly included in or attached to a party's brief. *Merch. Ctr., Inc. v. WNS, Inc.*, 85 S.W.3d 389, 394 (Tex.App.-Texarkana 2002, no pet.) (citing *Sabine Offshore Serv., Inc. v. City of Port Arthur*, 595 S.W.2d 840 (Tex.1979)).

fore, based on the record before us, we cannot say Raines had notice of the December 20, 2001, trial setting, nor can we find she received a minimum of forty-five days' notice before the first trial setting. Finding error, we must next determine whether Raines suffered harm by not receiving the requisite forty-five days' notice under the Texas Rules of Civil Procedure. *See J.B.*, 93 S.W.3d at 615.

"No judgment may be reversed on appeal on the ground that the trial court made an error of law unless the court of appeals concludes that the error complained of ... probably prevented the appellant from properly presenting the case to the court of appeals." Tex.R.App. P. 44.1(a)(2). When lack of notice pursuant to Rule 245 of the Texas Rules of Civil Procedure prevents a party from presenting his or her case to the trial court, it follows that the same lack of notice prevents the party from presenting his or her case to the court of appeals. *J.B.*, 93 S.W.3d at 617. In this case, Raines did not receive notice of the December trial setting, did not appear for trial, and therefore could not develop evidence important to her case. Harm is shown as a result of the lack of notice. We must, therefore, sustain Raines' first point of error and her twelfth point of error to the extent she relies on Tex.R. Civ. P. 245. Because these contentions are dispositive, we find it unnecessary to address Raines' other points of error.

We reverse the judgment and remand for further proceedings.