In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-04-00037-CV
______________________________


MELISSA RAINES, Appellant
 
V.
 
SONIA GOMEZ, Appellee


                                              

On Appeal from the County Court at Law
Hopkins County, Texas
Trial Court No. CV01-06329


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Opinion by Justice Ross


O P I N I O N

          We withdraw our previous opinion in this case and substitute in its place the
following opinion. See Tex. R. App. P. 49.7.
          In 2001, the justice court for precinct 2, place 1, of Hopkins County awarded Sonia
Gomez a judgment of $5,000.00 plus court costs against Melissa Raines. See Raines v.
Gomez, 118 S.W.3d 875, 876 (Tex. App.—Texarkana 2003, no pet.) ("Raines I").


 Raines
appealed to the county court at law of Hopkins County, filed an answer of general denial,
but ultimately lost on a trial de novo when she failed to appear at trial. On further appeal
to this Court, we found the trial court erred by granting a default judgment in favor of
Gomez because Raines had not received proper notice of the trial setting. We then
reversed the trial court's judgment and remanded the case for new trial. Id. at 877. Our
mandate issued December 10, 2003. 
          The trial court conducted a new trial November 20, 2003—several days before we
issued our mandate in the earlier appeal. Raines did not attend the trial. The trial court
again granted a default judgment in favor of Gomez,


 which Raines now appeals.


 We
sustain Raines' fifth point of error, reverse the trial court's judgment, and remand the case
for further proceedings consistent with this opinion.
          In her fifth point of error, Raines contends the trial court's judgment is not supported
by any evidence because Gomez failed to offer evidence or testimony at trial. "As a
general rule, no evidence is required to support a default judgment." Osteen v. Osteen,
38 S.W.3d 809, 814 (Tex. App.—Houston [14th Dist.] 2001, no pet.). When a default
judgment is granted because a party has failed to appear for trial, "it is said that the non-answering party has 'admitted' the facts properly pled and the justice of the opponent's
claim . . . ." Stoner v. Thompson, 578 S.W.2d 679, 682 (Tex. 1979); see also Osteen, 38
S.W.3d at 814. 
          If, however, the defendant had filed an answer, then a post-answer failure to appear
at trial "constitutes neither an abandonment of defendant's answer nor an implied
confession of any issues thus joined by the defendant's answer. Judgment cannot be
entered on the pleadings, but the plaintiff in such a case must offer evidence and prove his
case as in a judgment upon a trial." Stoner, 578 S.W.2d at 682. 
          In this case, on remand from this Court after the first appeal, the trial court granted
a default judgment in Gomez' favor when Raines failed to appear at trial. Gomez did not,
however, present any evidence to prove her case. Accordingly, there is no evidence to
support the default judgment since the trial court could not award a post-answer default
judgment based on the pleadings alone.
          We sustain Raines' fifth point of error,


 reverse the trial court's judgment, and
remand the case for further proceedings consistent with this opinion.


                                                                           Donald R. Ross
                                                                           Justice


Date Submitted:      June 8, 2004
Date Decided:          August 25, 2004