NUMBER 13-02-154-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG




RODOLFO ZOLEZZI THOMAS AND
MARIA RITA GUERRA DE ZOLEZZI,                                         Appellants,

v. 

ARRENDADORA INTERNACIONAL, S.A. DE C.V.,                     Appellee.




On appeal from the 138th District Court
of Cameron County, Texas.




MEMORANDUM OPINION

Before Chief Justice Valdez and Justices Rodriguez and Castillo

Opinion by Justice Castillo

         This is a suit for debt and breach of contract. Appellants Rodolfo Zolezzi
Thomas ("Zolezzi") and Maria Rita Guerra de Zolezzi ("Guerra de Zolezzi") appeal a
directed verdict in favor of appellee Arrendadora Internacional, S.A. de C.V.
("Arrendadora"). In a single issue, Zolezzi and Guerra de Zolezzi complain of the trial
court's admission of documents and expert testimony concerning the applicable
statute of limitation under Mexican law, arguing that Arrendadora did not comply with
rule 203 of the Texas Rules of Evidence. See Tex. R. Evid. 203. We affirm. 
I. BACKGROUND FACTS
         This is a memorandum opinion. The parties are familiar with the facts. We will
not recite them here except as necessary to advise the parties of our decision and the
basic reasons for it. See Tex. R. App. P. 47.4. 
         In June of 1992, Arrendadora, which is a Mexican machinery and equipment
leasing business, entered into an agreement with Acuacultura Intensiva, S.A. de C.V.
("Acuacultura")


 to lease fish-farming equipment (the "Lease Agreement"). 
Acuacultura signed two promissory notes to finance the lease, one denominated in
U.S. dollars (the "dollar note") and one in Mexican pesos (the "peso note"), guaranteed
by Acuacultura's principals. Pursuant to the agreement and notes, Arrendadora
purchased aeration equipment and leased it to Acuacultura, with an option to buy at
the end of the lease term if Acuacultura made: (1) semesterly interest payments on
the dollar note, with the principal amount due on December 15, 1992; and (2) principal
and interest payments on the peso note beginning July 15, 1992 and ending June 15,
1996. The purchase option was contingent on full payment and compliance with the
lease agreement. 
         Acuacultura defaulted after the first two payments. Arrendadora repossessed
the equipment in 1998. It filed suit for breach of contract against Acuacultura,
Zolezzi, and Guerra de Zolezzi. Zolezzi and Guerra de Zolezzi answered and asserted
limitations as a defense. Acuacultura did not appear. On September 27, 2001,
Zolezzi and Guerra de Zolezzi filed a motion to dismiss. In support of the motion, they
referenced a venue provision in the dollar note that recited: 
Any legal action or proceeding arising out of or relating to this Promissory
Note may be brought in the courts of the State of New York, United
States of America, or of the United States of America, or the State of
New York, or of the City of Mexico, Federal District, Mexico, the
undersigned waiving the jurisdiction of any other courts, all at the
election of the holder hereof. 

Zolezzi and Guerra de Zolezzi also cited a choice-of-law provision of the Lease
Agreement that subjected them: 
for the interpretation and fulfillment of the present contract to the laws
of the Federal District, as well as to the jurisdiction and competency of
its courts, resigning from now on the power or jurisdiction that they have
or may have by virtue of their address or neighborhood. 

Finally, Zolezzi and Guerra de Zolezzi also cited a different choice-of-law clause in the
dollar note that it was deemed "made under the laws of the State of New York" and
was to be "construed in accordance with the laws of the State of New York." 
         On October 12, 2001, Zolezzi and Guerra de Zolezzi withdrew their motion to
dismiss. They asserted that "[a]fter further review of the applicable law and rules of
procedure, Defendants now move to withdraw their earlier filed 'Defendants' Motion
to Dismiss'." On October 26, 2001, they filed an amended answer that reasserted
their limitations defense. Among other claims, Zolezzi and Guerra de Zolezzi alleged
that Arrendadora had failed "to comply with conditions precedent" by not complying
"with the requisites of providing an 'estado de cuenta'" pursuant to "Article 68 of the
Ley de Instituciones de Credito and Article 48 of the Ley General de Organizaciones
y Actividades Auxiliares de Credito." Alternatively, Zolezzi and Guerra de Zolezzi
pleaded that Arrendadora was "precluded from proceeding to recover under the dollar
note or peso note . . . because pursuant to Articles 325, 150, and 167 of the Ley
General de Titulos y Operaciones de Credito, and pursuant to Articles 1090, 1092, and
1093," the notes were "an integral part of the lease agreement, and that in order to
recover the notes have to be interpreted and enforced in conjunction with the lease
agreement." 
         In its discovery responses, Arrendadora identified three experts as witnesses
who would testify about the application of Mexican law to the claim in the lawsuit. 
Before trial, Zolezzi and Guerra de Zolezzi moved to exclude the experts' testimony or
any documents on which they relied or that they prepared. Zolezzi and Guerra de
Zolezzi asserted that Arrendadora failed to comply with requests for disclosure by not
providing sufficient details of the experts' testimony. The trial court ruled, "In this
case, you have been given the information well before trial, and, you know, whether
you had objections to it or not, that could have been taken care of. They were filed
in what, June? Motion denied." 
         At trial, Arrendadora's counsel questioned one of the experts as to the statute
of limitation applicable to Arrendadora's cause of action under Mexican law. Defense
counsel objected that Arrendadora had not produced the actual statute on which the
witness based his testimony. The trial court did not rule on the objection. The
witness identified the limitations statute. Arrendadora offered an affidavit that
attached a copy of the Mexican code Arrendadora relied on as well as an English
translation. Defense counsel again objected, this time arguing that Arrendadora had
not complied with rule 203 of the rules of evidence. See Tex. R. Evid. 203. Counsel
specifically objected that Arrendadora had not provided copies of the statutes and their
English translation thirty days before trial. See id. Arrendadora's counsel responded
that Zolezzi and Guerra de Zolezzi had cited other provisions of the same Mexican
statute in their amended answer. The trial court overruled the objection. The witness
continued to testify about the applicability of Mexican law. Defense counsel asked for
and was granted a running objection. 
II. DISCUSSION
A. The Requirements of Rule 203
         Rule 203 provides that: 
A party who intends to raise an issue concerning the law of a foreign
country shall give notice in the pleadings or other reasonable written
notice, and at least 30 days prior to the date of trial such party shall
furnish all parties copies of any written materials or sources that the
party intends to use as proof of the foreign law. If the materials or
sources were originally written in a language other than English, the party
intending to rely upon them shall furnish all parties both a copy of the
foreign language text and an English translation. . . . 

Tex. R. Evid. 203. The record reflects that Arrendadora did not comply with the
requisites of rule 203. We assume, without deciding, that the trial court's admission
of the expert testimony and underlying statutes and their translations was error. See
id.; see also Pittsburgh Corning Corp. v. Walters, 1 S.W.3d 759, 769 (Tex.
App.–Corpus Christi 1999, pet. denied) ("A preliminary motion is . . . necessary to
assure the application of the laws of another jurisdiction."). However, to reverse a
judgment based on error in the admission or exclusion of evidence, an appellant must
show that the trial court's ruling was in error and that the error was calculated to
cause and probably did cause "the rendition of an improper judgment." Tex. R. App.
P. 44.1; Owens-Corning Fiberglass Corp. v. Malone, 972 S.W.2d 35, 43 (Tex. 1998). 
We conclude that a trial court's admission of evidence and testimony regarding the
laws of a foreign country, despite noncompliance with the notice requirements of
rule 203, is subject to a harm analysis. See Owens-Corning Fiberglass Corp.,
972 S.W.2d at 43; see also Raines v. Gomez, 118 S.W.3d 875, 877 (Tex.
App.–Texarkana 2003, no pet.) (conducting harm analysis of trial court's error in not
providing requisite forty-five-day notice of trial setting). 

B. Harm Analysis
         Zolezzi and Guerra de Zolezzi have not shown how any lack of thirty-day notice
of the specific provisions of Mexican law on which Arrendadora relied caused "the
rendition of an improper judgment." See Tex. R. App. P. 44.1. Significantly, they did
not ask for additional time to prepare a response to the evidence submitted by
Arrendadora. See Negrini v. Beale, 822 S.W.2d 822, 823-24 (Tex. App.–Houston
[14th Dist.] 1992, no writ) ("Appellants failed to file a motion for continuance under
Tex. R. Civ. P. 166a(g), or any other motion seeking additional time in which to
respond to appellee's motion" for summary judgment.). Further, Zolezzi and Guerra
de Zolezzi withdrew their motion to dismiss, which had asserted the applicability of
New York and Mexico choice-of-law clauses in the documents, stating they did so
"[a]fter further review of the applicable law." They then filed an amended answer that
cited provisions of the same Mexican code on which Arrendadora relied. Finally,
Zolezzi and Guerra de Zolezzi provided no authority contrary to the expert's conclusion
that the ten-year statute of limitation under Mexican law applies to Arrendadora's
claims. In short, they have not shown how the result of the trial would have
been different if they had had the requisite thirty-day notice under rule 203. 
Accordingly, even if we were to conclude that the trial court erred in admitting the
complained-of testimony and evidence, Zolezzi and Guerra de Zolezzi have not
shown that the error was calculated to cause and probably did cause "the rendition
of an improper judgment." Tex. R. App. P. 44.1; see Ed Rachal Found. v. D'Unger,
117 S.W.3d 348, 368 (Tex. App.–Corpus Christi 2003, pet. filed) (citing
Owens-Corning Fiberglass Corp., 972 S.W.2d at 43).
III. CONCLUSION 
           We overrule Zolezzi and Guerra de Zolezzi's sole issue on appeal. We affirm
the judgment of the trial court. 
 
                                                      ERRLINDA CASTILLO
                                                      Justice

Opinion delivered and filed
this 26th day of August, 2004.