Opinion issued June 18, 2009



 






In The

Court of Appeals

For The

First District of Texas






NO. 01-08-00017-CV






GERALD LEE CANTU AND MICHAELINE CANTU, Appellants


V.


SHAWKI SALAMEH, Appellee






On Appeal from the 189th District Court

Harris County, Texas

Trial Court Cause No. 2006-27390






MEMORANDUM OPINION


 Appellants Gerald and Michaeline Cantu ("the Cantus") appeal a post judgment
default judgment entered against them on a claim of breach of contract. In their sole
issue, the Cantus argue that the trial court erred in denying their motion for new trial
because they did not receive reasonable notice of the trial resetting and, therefore,
they were not required to establish a meritorious defense in their motion for new trial.

 We affirm.

Background

 On March 15, 2000, the Cantus signed a lease to rent property located at 1512
West Alabama in Houston, Texas. The Cantus agreed to a one-year lease and also
agreed to pay the property owner and trustee, appellee Shawki Salameh ("Salameh"),
$4,000 per month in rent. The Cantus agreed to make "all necessary repairs" and
alterations to the property at their expense. The Cantus also agreed to pay all
property insurances and property taxes.

 After the Cantus acquired the lease, they opened and operated a restaurant
throughout the lease term. At the end of the original lease term, the Cantus did not
renew the lease. Instead, they held over until October 2004 and continued to operate
the restaurant. After the Cantus vacated the property in October 2004, they failed to
pay rent, insurance, and tax obligations, assessed at $70,592.04. 

 On May 3, 2006, Salameh filed an original petition alleging that the Cantus had 
committed breach of contract in failing to pay their obligations under the holdover
lease. In the petition, Salameh assessed damages at $108,285.44, but he also stated
that the Cantus were entitled to an offset of $10,000 because the Cantus had regularly
furnished meals to Salameh without charge. Salameh also requested attorneys' fees. 
The Cantus timely filed an answer, but the document is not present in the appellate
record.

 On May 14, 2007, the trial court of the 190th Judicial District of Harris County
set the trial for the two-week period beginning August 13, 2007. Both parties
received notice of the trial setting. The Cantus, through their attorney of record,
received notice from the trial court letter addressed to their attorney. The Cantus'
attorney discovered that the date of the trial setting conflicted with his vacation
period, and he requested that the parties file a joint motion for continuance to reset
the trial. On August 2, 2007, the parties filed a joint motion for continuance because
the Cantus' attorney "will be in Hawaii from the date of this pleading until the day
before trial begins, and is unable to prepare for trial." On August 16, 2007, the trial
court granted the motion and signed an order resetting the trial for the two-week
period beginning October 8, 2007. 

 On August 21, 2007, the trial court mailed a postcard to the parties, notifying
them that the trial court signed an order resetting the trial. However, the postcard did
not state the date on which the trial had been reset. The Cantus' attorney failed to
contact the court to obtain a copy of the signed order resetting the trial for the two-week October docket beginning October 8, 2007.

 On October 9, 2007, the trial court called the Cantus' attorney to remind the
Cantus that trial had been set for October 10, 2007 and to notify him that because of
the appointment of Judge Elrod, judge of the 190th District Court of Harris County,
to the United States Court of Appeals for the Fifth Circuit, the case had been
reassigned to the 189th District Court. On the same date, the trial court sent an e-mail
to the Cantus' attorney with the same information.

 On October 10, 2007, the trial court of the 189th Judicial District convened the
trial. Salameh announced his presence, but the Cantus and their counsel were absent.
The trial coordinator of the 190th Judicial District testified that "on October 9, 2007
at approximately 4:23 I left [the Cantus' attorney of record] a message, voice mail
message that this case had been assigned to trial Wednesday, October 10, at 4:30 p.m. 
I secondly followed that up with an e-mail to his current e-mail address. . . .That e-mail went out on Tuesday, October 8, at 4:30 p.m. advising that the Salameh versus
Cantu case had been assigned to trial." 

 The trial court stated that "given what you said, and I notice here the trial
setting mailed out August--looks like it was mailed out around August 16th by Judge
Elrod to [Cantus' attorney of record]." The trial court requested that the trial
coordinator for the 189th Judicial District search for the Cantus in the courtroom of
the 190th Judicial District. The trial coordinator for the 189th Judicial District
confirmed that the Cantus were absent from the courtroom of the 190th Judicial
District. 

 The trial court ordered Salameh to present evidence. Salameh presented his
own testimony stating that the Cantus had breached the holdover lease by failing to
pay rent, insurance, and taxes totaling $166,932.64. Salameh also testified that, after
accounting for the statute of limitations, the Cantus were liable for approximately
$70,592.00. He also testified that the Cantus' liability should be offset by $10,000
due to the free meals the Cantus provided to him during the period the Cantus were
in possession of the property. Salameh also presented several documents, including
a copy of the lease, spreadsheets calculating the Cantus' alleged liability, and copies
of cancelled checks made to Salameh showing the Cantus' rent payments beginning 
in March 2000. He also presented testimony from his attorney stating that his fees
totaled $28,000. Salameh also presented several fee statements from his attorney
detailing his attorney's trial preparation and other work related to the case.

 On October 11, 2007, the trial court issued a default judgment in favor of
Salameh, which stated in relevant part,

 Therefore, it is hereby ORDERED, ADJUDGED and DECREED that
Shawki Salameh, Trustee, Plaintiff, is awarded $60,000 against
Defendants, Mickaeline [sic] and Gerald Cantu, the $60,000 being the
total of $70,000 of unpaid rent, insurance, and taxes under the Lease on
the premises, less a $10,000 offset for meals eaten at Defendant's
restaurant by Plaintiff. In addition, Plaintiff is awarded $25,000 for
reasonable and necessary attorney's fees earned by Dabney & Pappas as
counsel for Plaintiff.


 On October 26, 2007, the Cantus filed a timely motion for new trial, arguing
that they were deprived of due process because the service of notice of the trial
resetting was unreasonable. On November 2, 2007, the trial court denied the Cantus'
motion for new trial. 

Motion For New Trial

 In their sole issue, the Cantus argue that the trial court erred in denying their
motion for new trial because they did not receive reasonable notice of the trial
resetting and, therefore, they were not required to establish a meritorious defense in
their motion for new trial. 

 Standard of Review

 A trial court's decision to overrule a motion to set aside a default judgment and
grant a new trial is subject to review for abuse of discretion. Interconex v. Ugarov,
224 S.W.3d 523, 536 (Tex. App.--Houston [1st Dist.] 2007, no pet.) (citing Old
Republic Ins. Co. v. Scott, 873 S.W.2d 381, 382 (Tex. 1994)). "While trial courts
have some measure of discretion in the matter, as, in truth, they have in all cases
governed by equitable principles, it is not an unbridled discretion to decide cases as
they might deem proper, without reference to any guiding rule or principle." Id.
(quoting Craddock v. Sunshine Bus Lines, Inc., 134 Tex. 388, 393, 133 S.W.2d 124,
126 (1939)). 

 A post-answer default judgment occurs when a timely answer that puts the
merits of plaintiff's claims at issue is on file, but the defendant fails to appear at trial. 
Sharif v. Par Tech, Inc., 135 S.W.3d 869, 872 (Tex. App.--Houston [1st Dist.] 2004,
no pet.) (citing Stoner v. Thompson, 578 S.W.2d 679, 682 (Tex. 1979)). If a
defendant has filed such an answer, the defendant's failure to appear at trial is neither
an abandonment of the defendant's answer nor is it an implied confession of any
issues thus joined by the defendant's answer. Id. Post-answer default judgments
cannot be entered on the pleadings, but, rather, a plaintiff must offer evidence and
prove his case as in a judgment at trial. Id. at 873. This Court must have a record of
the evidence in order to determine if sufficient evidence was submitted to support the
judgment. Id. When a default judgment is attacked by motion for new trial in the
trial court, the parties may introduce affidavits, depositions, testimony, and exhibits
to explain what happened. Fidelity and Guaranty Ins. Co. v. Drewery Constr. Co.,
186 S.W.3d 571, 574 (Tex. 2006) (citing Gold v. Gold, 145 S.W.3d 212, 214 (Tex.
2004)). 

 A post-answer default judgment should be set aside when the defendant
establishes that (1) nonappearance at trial was not intentional or the result of
conscious indifference, but the result of an accident or mistake, (2) the motion for
new trial sets up a meritorious defense, and (3) granting the motion will occasion no
undue delay or otherwise injure the plaintiff. Mathis v. Lockwood, 166 S.W.3d 743,
744 (Tex. 2005); Carpenter v. Cimarron Hydrocarbons Corp., 98 S.W.3d 682, 685
(Tex. 2002); Craddock, 133 S.W.2d at 126. In determining whether a claimant acted
intentionally or with conscious indifference in not appearing at trial, but rather failed
to appear due to accident or mistake, we look to the claimant's knowledge or acts. 
Hunsucker v. Fustok, 238 S.W.3d 421, 430-31 (Tex. App.--Houston [1st Dist.] 2007,
no pet.). In this context, an accident or mistake is characterized by inadequate
knowledge of the facts or an unexpected happening that precludes compliance. Id. 
Conscious indifference is the failure to take action that would seem indicated to a
person of reasonable sensibilities under similar circumstances. Id. When a defendant
has no actual or constructive notice of a trial setting and a default judgment is entered
against him, he is not required to show that he had a meritorious defense because such
a requirement violates his due process rights under the Fourteenth Amendment to the
United States Constitution. Peralta v. Heights Medical Center, 485 U.S. 80, 96, 108
S. Ct. 896, 900 (1988); Lopez v. Lopez, 757 S.W.2d 721, 723 (Tex. 1988); Lorentzen
v. Kliesing, 810 S.W.2d 16, 19 (Tex. App.--Houston [14th Dist.] 1991, no writ). Lack of Reasonable Notice of Trial Resetting

 Once a defendant has made an appearance in a cause, he is entitled to notice
of the trial setting as a matter of due process under the Fourteenth Amendment. In
re $475,001, 96 S.W.3d 625, 627 (Tex. App.--Houston [1st Dist.] 2002, no pet.)
(citing Peralta, 485 U.S. at 86, 108 S. Ct. at 899-900). A post-answer default
judgment is valid only if the defendant has received notice of the default judgment
hearing. Id. (citing $429.30 In U.S. Currency v. State, 896 S.W.2d 363, 366 (Tex.
App.--Houston [1st Dist.] 1995, no pet.)). Notice may be either actual or
constructive. See Lopez, 757 S.W.2d at 723. 

 In Texas, a trial court may schedule contested cases on its own motion,
provided it gives the party "reasonable notice of not less than 45 days" before the first
scheduled trial setting. Tex. R. Civ. P. 245; Raines v. Gomez, 118 S.W.3d 875, 876
(Tex. App.--Texarkana 2003, no pet.). When a case has been previously set for trial,
the trial court may reset the case to a later date on reasonable notice to the parties,
which may be less than 45 days. Tex. R. Civ. P. 245; O'Connell v. O'Connell, 843
S.W.2d 212, 215 (Tex. App.--Texarkana 1992, no writ). To determine what
constitutes reasonable notice for resetting a case to a later date, we must look to the
facts of the individual case rather than be guided by an arbitrary time period. 
O'Connell, 843 S.W.2d at 215. The Texas Rules of Civil Procedure also require
notice of the trial setting to be sent by personal service, courier-receipted delivery,
certified or registered mail, fax, or by any other manner as the trial court in its
discretion may direct. Tex. R. Civ. P. 21a; Raines, 118 S.W.3d at 876. A party is
generally charged with notice of all orders that are rendered affecting the case. See
Continental Casing Corp. v. Siderica Corp., 38 S.W.3d 782, 791 (Tex.
App.--Houston [14th Dist.] 2001, no pet.) (counsel chargeable with notice of court
order where copy of court order in court files had particular date stamped on it,
court's docket sheet indicated that order was signed on that date, and notice of order
and date it was entered was mailed to all counsel of record). 

 Here, the Cantus, through their attorney, received notice of the first trial
setting more than 45 days prior to the date of trial. The Cantus and Salameh filed a
joint motion to continue the case because the Cantus' attorney had a vacation
schedule conflict at the time of the first trial setting. The docket sheet reflects that,
on August 16, 2007, the trial court signed an order resetting the trial to the October
8, 2007 docket. The record also reflects that, on August 16, 2007, the district clerk
of Harris County certified the copy of the court order and mailed a postcard notice to
the parties that it had signed an order resetting the trial. The Cantus concede that they
received the postcard notice. On October 9, 2007, the trial court called the Cantus'
attorney to remind him of the trial resetting date. The trial court also e-mailed the
Cantus' attorney to remind him of the trial resetting date. 

 The Cantus concede that they received reasonable notice of the first trial
setting. The trial court reset the trial date to accommodate a vacation schedule
conflict of the Cantus' attorney at the behest of the Cantus. The Cantus, through their
attorney of record, received a postcard notice that the trial court had signed an order
resetting the trial 54 days prior to trial. The Cantus did not contact the trial court to
obtain the date of the trial reset. Nor did the Cantus review the record prior to trial
to determine whether the trial court had set a trial date. The Cantus concede that, in
addition, the trial court contacted their counsel by e-mail to inform them of the trial
setting. 

 Because the Cantus received the postcard notice of the trial resetting and the
record reflects that, on August 16, 2007, the trial court signed the court order and
mailed notice of the court order to the parties, we conclude that the Cantus had notice
of the trial court order resetting the trial date. Continental Casing, 38 S.W.3d at 791. 
Based on the record before us, we further conclude that the notice of the trial resetting
was reasonable. Tex. R. Civ. P. 245; O'Connell, 843 S.W.2d at 215. We further
conclude that the Cantus' failure to appear at trial was due to the Cantus' conscious
indifference regarding the date of the trial reset. See Hunsucker, 238 S.W.3d at
430-31. Because the Cantus' failed to establish one prong of the Craddock test, we
hold that the trial court did not abuse its discretion in denying the Cantus' motion for
new trial. See Mathis, 166 S.W.3d at 744. 

 We overrule the Cantus' sole issue.










Conclusion

 We affirm the judgment of the trial court. 





 Evelyn V. Keyes

 Justice


Panel consists of Justices Keyes, Hanks, and Bland.