

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-18-00303-CV

_____

$2,424.21 IN U.S. CURRENCY AND 2013 VOLKSWAGEN PASSAT, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from Criminal District Court No. 4
Tarrant County, Texas
Trial Court No. S-13438-17

Before Pittman, Bassel, and Womack, JJ.
Memorandum Opinion by Justice Womack

# MEMORANDUM OPINION

## I. INTRODUCTION

In this civil forfeiture proceeding, Stanley Taplin appeals the forfeiture of cash of $2,424.21 and a 2013 Volkswagen Passat. In one issue, Taplin contends that the trial court abused its discretion in denying his motion for continuance because he was not provided with forty-five days' notice of the first trial setting as required under Texas Rule of Civil Procedure 245. Tex. R. Civ. P. 245. We agree and reverse and remand for a new trial.

## II. BACKGROUND

On January 19, 2017, the State of Texas filed its "Notice of Seizure and Intended Forfeiture," wherein it sought forfeiture of $2,424.21 and a 2013 Volkswagen Passat pursuant to Chapter 59 of the Texas Code of Criminal Procedure. The "[p]otential owners, [l]ienholders [or] [o]thers [w]ith [i]nterest" of the property were identified as Stanley Taplin.

On June 26, 2018, the State filed its "Motion to Set Hearing on the Merits."[1] By posting on August 3, 2018,[2] the trial court set the matter for an August 23, 2018

---

[1]"Notice that a case is going to trial does not equate to notice of *when* the case is going to trial." *In re J.B.*, 93 S.W.3d 609, 615 (Tex. App.—Waco 2002, pet. denied).

[2]The "Notice for Hearing on the Merits" does not indicate the date that it was signed by the trial judge. In addition, it does not reflect how the notice was served on Taplin. While it contains the handwritten notation "M&P 8-6-18 MS," there is no explanation in the record regarding what this means.

"hearing on the merits" in the magistrate's courtroom.[3]   Thereafter, on August 16, 2018 and August 22, 2018, Taplin filed a verified motion for continuance of the matter.  Both motions, which appear to be identical, state that Taplin is:

> incarcerated in the Tarrant County Jail [and] ha[s] no knowledge of this hearing and this hearing is not in the court record of the Sheriff Dept. And I am the Pro Se Respondent, and I will be unable to appear unless you issue an order . . . .  And I don't have funds to employ counsel. . . . I am wholly unfamiliar [with] criminal law and I have no training or experience but I would like to be present[,] and it is a 4th amendment right of mine.

In addition, Taplin notes that it is his first motion for continuance.

At the August 23, 2018 trial, Taplin urged his motion for continuance.  After the magistrate called the case for trial, the following transpired:

> [STATE'S ATTORNEY]:  Mr. Taplin filed a motion for continuance with the Court on August 16th and August 22nd.
>
> [THE COURT]:  Okay.
>
> [STATE'S ATTORNEY]:  Mr. Taplin, it's your motion.
>
> [TAPLIN]:  I had wrote the Court update, and they had told me they weren't going to bring me to court.  And so that's why I filed the motion.
>
> [THE COURT]:  Okay.

---

[3]A judge may refer to a magistrate any criminal case or matter relating to a criminal case for proceedings involving "an asset forfeiture hearing as provided by Chapter 59, Code of Criminal Procedure."  Tex. Gov't Code Ann. § 54.656(a)(8).  In addition, "[a] judge may refer to a magistrate a civil case arising out of Chapter 59, Code of Criminal Procedure, for any purpose authorized by that chapter, including . . . presiding over a case on the merits if a party has not requested a jury trial."  *Id.* § 54.656(b).

[TAPLIN]: I wasn't in the court proceeding with the court records to come to court.

[THE COURT]: Okay. But you're here now, so what are you wanting to do? Are you still wanting a continuance, or are you - - you were just concerned you weren't going to be able to be here; is that what you're telling me?

[TAPLIN]: Yes, ma'am.

[THE COURT]: Okay. So are you withdrawing your motion?

[TAPLIN]: Well, I don't have my - - I don't have the documents that I need. I mean - -

[THE COURT]: Okay.

[TAPLIN]: And so I still would like to get a continuance.

After the State's attorney stated its objection to a continuance, the Court announced that it was denying the motion and moving forward with the hearing. However, Taplin persisted:

[TAPLIN]: Your Honor, like I said, I'm not really familiar with the civil - - civil law and everything. And I had asked could I be appointed a - -

[THE COURT]: Not - - not in these proceedings. You don't have the right to a court appointed attorney, okay? All right. Go ahead.

The trial proceeded. At the conclusion of the trial, the magistrate stated, "I will grant the forfeiture of the $2,424.21 and the Volkswagen Passat." Thereafter, on August 23, 2018, a judgment was signed forfeiting $969.68 plus interest to the Tarrant County Criminal District Attorney's Law Enforcement Fund, and $1,454.53 plus interest and a 2013 Volkswagen Passat and its contents to the State of Texas, "to be

administered by the attorney representing the State of Texas, pursuant to the applicable local agreements with the F[ort] W[orth] P[olice] D[epartment]." Taplin appeals from this judgment.

## III. DISCUSSION

### A. Standard of Review

We review a trial court's ruling on a motion for continuance for an abuse of discretion. *See BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 800 (Tex. 2002). We do not substitute our judgment for the trial court's. *In re Nitla S.A. de C.V.*, 92 S.W.3d 419, 422 (Tex. 2002) (orig. proceeding). Instead, we must determine whether the trial court's action was so arbitrary and unreasonable that it amounts to a clear and prejudicial error of law. *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 161 (Tex. 2004). The test is whether the trial court acted without reference to guiding rules or principles. *Cire v. Cummings*, 134 S.W.3d 835, 838–39 (Tex. 2004) (quoting *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241 (Tex. 1985)).

### B. Analysis

#### 1. Forty-five days' notice of a first trial setting is mandatory.

Taplin urges this court to "reverse the final judgment in this case because he was given less than forty-five days' notice of the first trial setting in violation of Rule 245 of the Texas Rules of Civil Procedure[,] and this was harmful reversible error because he was not being given enough time to be prepared and to hire an attorney." The State responds that Taplin "failed to timely and specifically object that he

5

received insufficient notice of the trial setting." Alternatively, it argues that Taplin waived the error, if any, by appearing and participating in the forfeiture hearing.

Rule 245 provides, in part:

> The Court may set contested cases on written request of any party, or on the court's own motion, *with reasonable notice of not less than forty-five days to the parties of a first setting for trial*, or by agreement of the parties; provided, however, that when a case previously has been set for trial, the Court may reset said contested case to a later date on any reasonable notice to the parties or by agreement of the parties. Noncontested cases may be tried or disposed of at any time whether set or not, and may be set at any time for any other time.

Tex. R. Civ. P. 245 (emphasis added). While Rule 245 requires that a party in a contested case receive notice of not less than forty-five days for a first trial setting, here the record demonstrates that, at most, Taplin received twenty days' notice of trial.

Compliance with the rule has been called "mandatory." *Custom-Crete, Inc. v. K-Bar Services, Inc.*, 82 S.W.3d 655, 659 (Tex. App.—San Antonio 2002, no pet.); *Bell Helicopter Textron, Inc. v. Abbott*, 863 S.W.2d 139, 140 (Tex. App.—Texarkana 1993, writ denied); *see Campos v. Nueces County*, No. 13-07-488-CV, 2008 WL 331067, at *2 (Tex. App.—Corpus Christi 2008, no pet.) (mem. op.); *see also Fifteen-Thousand One-Hundred Ninety-Six Dollars v. State*, No. 03-16-00015-CV, 2016 WL 6833102, at *3 (Tex. App.—Austin Nov. 17, 2016, no pet.) (mem. op.) (holding twenty-nine days' notice of the default judgment hearing instead of the forty-five days' notice required by Rule 245 was reversible error). And, a trial setting that does not comply with the

6

rule has been deemed "ineffectual." *See Custom-Crete, Inc.*, 82 S.W.3d at 659 (citing *Bell Helicopter Textron, Inc.*, 863 S.W.2d at 140).

Some courts have gone even further than the "mandatory" language and have described inadequate notice of a trial setting as "constitutionally infirm." *Raines v. Gomez*, 118 S.W.3d 875, 876 (Tex. App.—Texarkana 2003, no pet.). In *Raines*, the trial court issued a scheduling order which included a trial date less than forty-five days from the date the court issued its notice of the trial. *Id.* In reversing the judgment, the court held:

> Due process requires that a party to a lawsuit receive reasonable notice of a trial setting. *In re J.B.*, 93 S.W.3d 609, 615 (Tex. App.—Waco 2002, [pet. denied]) (citing *Peralta v. Heights Med. Ctr., Inc.*, 485 U.S. 80, 84, 108 S.Ct. 896, 99 L.Ed.2d 75 (1988); *In re Marriage of Parker*, 20 S.W.3d 812, 818 (Tex. App.—Texarkana 2000, no pet.)). A judgment that is entered without proper notice to the parties is constitutionally infirm. *Peralta v. Heights Med. Ctr., Inc.*, 485 U.S. 80, 84, 108 S.Ct. 896, 99 L.Ed.2d 75 (1988).

*Id.*; *see also Grant v. Grant*, No. 04-12-00315-CV, 2015 WL 5438949, at *3 (Tex. App.—San Antonio Sept. 16, 2015, no pet.) (mem. op.) (stating that a "trial court's failure to comply with the notice rule in a contested case deprives a party of the constitutional right to be present at the hearing, to voice objections, and is a violation of fundamental due process[]"); *Custom-Crete, Inc.*, 82 S.W.3d at 659 (stating that the failure to give the required notice constitutes lack of due process and is grounds for reversal); *Brosseau v. Ranzau*, 28 S.W.3d 235, 239 (Tex. App.—Beaumont 2000, no pet.)

7

(holding that a party's due process rights are violated when he does not receive adequate notice of a hearing or trial setting).

There are many consequences to the failure to give sufficient notice of a trial setting—the inability to request a jury, the inability to have the matter heard by the trial judge instead of the magistrate, and the inability to secure discovery through the rules of civil procedure. The first of these, the inability to timely request a jury, occurred in *Bell Helicopter*. There, the notice of the trial setting made it impossible for Bell, after receiving notice of the setting, to comply with the time limit for paying a jury fee under Rule 216. *Bell Helicopter Textron*, 863 S.W.2d at 141; *see* Tex. R. Civ. P. 216. In reversing the trial court's judgment and remanding for new trial, the court noted that Rule 245 was amended in order to harmonize it with Rule 216 and to require notice of a trial setting before the time for demanding a jury. *Bell Helicopter Textron*, 863 S.W.2d at 141.

Second, the inability to request a jury can impact whether a magistrate can hear a matter. A trial judge may refer an asset forfeiture proceeding to a magistrate for any matter, including a trial, unless the party requests a jury. Tex. Gov't Code Ann. § 54.656(b). Shortening the notice of trial to less than thirty days allows insufficient time to request a jury pursuant to Rule 216.

Third, lack of adequate notice affects the ability to request and secure discovery under the rules of civil procedure. *See* Tex. R. Civ. P. 194.3 (providing generally that the responding party must serve a written response on the requesting party within

8

thirty days after service of request for disclosure); Tex. R. Civ. P. 196.2 (providing generally that the responding party must serve a written response on the requesting party within thirty days after service of request for production); Tex. R. Civ. P. 197.2 (providing generally that a responding party must serve a written response on the requesting party thirty days after service of interrogatories); Tex. R. Civ. P. 198.2 (providing generally that a responding party must serve a written response on the requesting party within thirty days after service of request for admissions); Tex. R. Civ. P. 205.3(a) (providing that a party may compel production of documents and tangible things from a nonparty by serving "a reasonable time before the response is due but no later than 30 days before the end of any applicable discovery period" the notice required in Rule 205.2 and a subpoena compelling production or inspection of documents or tangible things); Tex. R. Civ. P. 200.1(a) (providing that a notice of intent to take the deposition upon written questions must be served on the witness and all parties at least twenty days before the deposition is taken). Even where the rules do not prescribe a definite time period for discovery, a "reasonable time" is often imposed before discovery can occur. *See* Tex. R. Civ. P. 199.2(a) (providing that a notice of intent to take an oral deposition must be served on the witness and all parties a "reasonable time" before the deposition is taken).

Therefore, we agree that the forty-five days' notice requirement of a first trial setting is mandatory. Further, failure to give the notice implicates other deadlines under the Texas Rules of Civil Procedure.

9

## 2.     Denial of the motion for continuance was an abuse of discretion.

While we agree that forty-five days' notice of the initial trial setting is mandatory, we next address whether the denial of the motion for continuance was error.  The State argues that Taplin did not specifically and timely object to the notice of the trial setting and, alternatively, waived any error by participating in the hearing and failing to allege insufficient notice.

However, both in writing and orally, Taplin urged the trial court to grant him a continuance.  While he did not specifically cite the provisions of Rule 245, he did state in his written motion that he had "no knowledge of this hearing and this hearing is not in the court record of the Sheriff Dept."  At trial, he stated that he did not "have the documents that [he] need[ed,]" and "would like to get a continuance."

Further, in addition to his complaint about needing documents, Taplin repeatedly complained about not having an attorney and not understanding both criminal and civil law.  Rule 253 provides:

> Except as provided elsewhere in these rules, absence of counsel will not be good cause for a continuance or postponement of the cause when called for trial, except it be allowed in the discretion of the court, upon cause shown or *upon matters within the knowledge or information of the judge* to be stated on the record.

Tex. R. Civ. P. 253 (emphasis added).  This court has previously held that if it was an abuse of discretion not to give an incarcerated litigant sufficient time to hire a new attorney then it is "surely error not to allow him enough time to hire an attorney in the first place."  *McMeekin v. McMeekin*, No. [0]2-05-00118-CV, 2006 WL 820399, at

10

*2 (Tex. App.—Fort Worth Mar. 30, 2006, no pet.) (mem. op.). Further, since the judge set the matter for trial, the less-than-forty-five days' notice of the trial setting was "within the knowledge or information of the judge." Tex. R. Civ. P. 253.

We note that, as the State argues, error can be waived from the trial court's failure to provide proper notice under Rule 245 if a party proceeds to trial and fails to object to the lack of notice. *Custom-Crete, Inc.*, 82 S.W.3d at 658; *see also Padilla v. Comm'n for Lawyer Discipline*, 87 S.W.3d 624, 626 (Tex. App.—San Antonio 2002, pet. denied) (holding that lack of notice was waived where "our review of the record revealed no specific complaint based on rule 245 or inadequate notice[]"). "Notice under Rule 245 can indeed by waived if a party who is actively litigating the case did not receive the full notice but proceeded to trial without objection." *Morales v. Marquis*, No. 13-12-00407-CV, 2013 WL 2298469, at *2 (Tex. App.—Corpus Christi May 23, 2013, no pet.) (mem. op.). Similarly, a party may waive a complaint by failing to take action when a party receives some, but less than forty-five days' notice. *Id.* And, as argued by the State, Taplin did not specifically mention Rule 245 or the lack of forty-five days' notice before the trial setting.

However, Taplin did take action by both requesting a continuance in writing and orally at trial. In addition, in both of his verified motions for continuance, he argues that he had "no knowledge of this hearing and this hearing is not in the court record of the Sheriff Dept." In his written motion, he points out that he is "wholly unfamiliar" with criminal law. At trial, he also stated that he did not have the

11

documents that he needed, and he was not familiar with civil law. While Taplin also mentioned an "appointed . . . ," he was interrupted and not allowed to finish by the magistrate.

And, while Taplin did appear at the trial, this alone is not dispositive of the waiver issue.[4] In *In re K.M.L.*, the supreme court faced a similar allegation of waiver based on the father's appearance at the parental rights termination trial. 443 S.W.3d 101 (Tex. 2014). The father "appeared at trial under subpoena and, according to his testimony, was driven by a district attorney or possibly a police officer." *Id.* at 119. Despite the argument that the father waived notice by appearing at trial, participating in all four days of trial and not moving for a continuance, the court held, "The due process requirement of notice must be provided 'at a meaningful time and in a meaningful manner.'" *Id.* at 119–20 (citing *Mathews v. Eldridge*, 424 U.S. 319, 333, 96 S. Ct. 893, 47 L.Ed.2d 18 (1976)). In reversing the judgment and remanding the case for a new trial, the court stated, "Based on the record before us, we cannot conclude that [father] voluntarily, knowingly, and intelligently waived his due process right to notice of trial by sitting, under subpoena, through trial without help from counsel and failing to formally move for continuance." *Id.* at 120. "This lack of notice renders any judgment unenforceable and void." *Id.*

_____

[4]Taplin notes in his brief that he "was made available at trial by the State because he was an incarcerated prisoner and the State could make him available."

12

And, while he did appear at trial, Taplin never stated a readiness to proceed to trial. In *Custom-Crete*, the non-attorney corporate representative of the appellant appeared at the hearing and stated that he was ready to proceed. 82 S.W.3d at 658–59. In *Fifteen Thousand One-Hundred Ninety-Six Dollars*, the court reversed the trial court's judgment of forfeiture when the party from whom contraband was seized did not "in any way represent[] readiness to proceed." 2016 WL 6833102, at *2. And, the error was "apparent on the face of the record." *Id.* at *4.

Further, some courts have held that specific reference to Rule 245 is not always required before reversing a trial court for failure to give forty-five days' notice of a first trial setting. In *Campos*, 2008 WL 331067, at *1, the court was faced with an appeal from the trial court's denial of a motion for continuance where Rule 245 was not specifically mentioned. As summarized by the court,

> In the instant case, appellants' counsel, upon being informed of the initial trial setting, immediately sent a letter to the court and opposing counsel stating that he "did not receive any notification that the . . . cause was under consideration for scheduling for final hearing or trial . . . ." Counsel filed a verified motion for continuance and stated in his notice that he "was not contacted by anyone prior to receiving notification of the setting of the final hearing in the above styled and numbered cause." At the motion for continuance hearing, counsel argued to the trial court that there had "been no docket control conference or other setting in this matter" and that "we went straight from completing service on the defendants to establishing a trial date, and then some weeks later, notifying me as to the trial date."

*Id.* at *3. The court concluded that this was sufficient specificity to make the trial court aware that he was objecting to failure to receive proper notice. *Id.* "We do not

13

believe the spirit of Texas Rule of Appellate Procedure 33.1 is violated if a party timely objects to improper notice of a trial setting, but fails to mention the specific rule number." *Id.*

In this case, Taplin did appear at the trial. However, he never stated that he was ready to proceed. On the contrary, he repeatedly, both orally and in writing, asked for a continuance. Based on the record before us, we hold that error was preserved because Taplin, in addition to requesting a continuance, never "voluntarily, knowingly, and intelligently" waived proper notice under Rule 245. *In re K.M.L.*, 443 S.W.3d at 120. Therefore, the trial court abused its discretion in denying the motion for continuance.

**3.      Denial of the motion for continuance was harmful**.

"Several courts have reversed for violation of Rule 245 without reference to harm." *J.B.*, 93 S.W.3d at 615 (citing *Platt v. Platt*, 991 S.W.2d 481, 484 (Tex. App.—Tyler 1999, no pet.); *In re Estate of Crenshaw*, 982 S.W.2d 568, 571 (Tex. App.—Amarillo 1998, no pet.); *Carson v. Hagaman*, 824 S.W.2d 267, 269–70 (Tex. App.—Eastland 1992, no writ)). As noted in *J.B.*, this seems to be done because of a perception that providing less notice than required by Rule 245 constitutes a due process violation or because compliance with the rule is "mandatory." 93 S.W.3d at 615.

However, to obtain reversal on the basis of trial error, a party must establish that the error was "harmful." *Tex. Dep't of Human Servs. v. White*, 817 S.W.2d 62, 63

14

(Tex. 1991). "No judgment may be reversed on appeal on the ground that the trial court made an error of law unless the court of appeals concludes that the error complained of . . . probably prevented the appellant from properly presenting the case to the court of appeals." Tex. R. App. P. 44.1(a)(2).

"When lack of notice pursuant to Rule 245 of the Texas Rules of Civil Procedure prevents a party from presenting his or her case to the trial court, it follows that the same lack of notice prevents the party from presenting his or her case to the court of appeals." *Raines*, 118 S.W.3d at 877. In this case, wherein Taplin did not receive forty-five days' notice of the trial setting and did not announce ready for trial, but did state he needed additional documents for trial and did state he wanted an attorney, harm is shown as a result of the lack of notice. We therefore sustain Taplin's sole issue for review.

## IV. CONCLUSION

Having agreed with Taplin that non-compliance with Rule 245 and the subsequent denial of the motion for continuance was an abuse of discretion and caused harm, we reverse and remand to the trial court for a new trial.

/s/ Dana Womack

Dana Womack
Justice

Delivered: July 18, 2019

15